# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-01095-SCT

**BACOU-DALLOZ SAFETY, INC. f/k/a DALLOZ
SAFETY, INC. f/k/a WGM SAFETY CORPORATION**

*v.*

**THOMAS HALL, ET AL.**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/20/2005 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ALBEN N. HOPKINS |
| | ALBEN NORRIS HOPKINS, JR. |
| ATTORNEYS FOR APPELLEES: | GUY GLADSTONE FISHER |
| | GERALD MAPLES |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 09/07/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE SMITH, C.J., WALLER, P.J., AND DICKINSON, J.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.     This is the appeal of a Jones County Circuit Court Order denying a defendant's motion to dismiss for failure to serve process within the 120-day service period provided by Rule 4(h) of the Mississippi Rules of Civil Procedure. For the reasons discussed herein, we reverse and render.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     Bacou-Dalloz Safety, Inc., is one of 85 defendants sued by 2,779 plaintiffs who allege various silica-related personal injuries. The correct agent for service of process upon Bacou-

Dalloz is Corporation Service Company, located at 2711 Centerville Road, Wilmington, Delaware 19808.

¶3.    In the plaintiffs' original complaint filed on September 13, 2002, the agent for service of process for Bacou-Dalloz was incorrectly listed as Corporate Service Company, 1013 Center Road, Wilmington, Delaware 19805.   Plaintiffs' counsel explain that they had successfully served process on Bacou-Dalloz at this address in the past.[1]   For reasons we are not told, the complaint and process ended up at CT Corporation System, 1209 Orange Street, Wilmington, Delaware 19801.

¶4.    On December 10, 2002, CT Corporation System returned the documents and informed plaintiffs' counsel that it was not the registered agent for Bacou-Dalloz.   For reasons not provided in the record, the plaintiffs made no further attempt to serve the original complaint on Bacou-Dalloz.

¶5.    Thereafter, plaintiffs filed their First Amended Complaint on December 31, 2002, which again incorrectly listed Corporate Service Company, 1013 Center Road, Wilmington, Delaware 19805, as the agent for service of process for Bacou-Dalloz.   For reasons not disclosed in the record, plaintiffs never attempted to serve Bacou-Dalloz at any address with the First Amended Complaint.

---

[1] We presume that plaintiffs' counsel had served **Corporation** Service Company at 1013 **Centre** Road, Wilmington, Delaware **19805** in the past, but the company had since moved to 2711 Centerville Road, Wilmington, Delaware 19808.  However, neither the parties nor the record provides an explanation for the cause of the mistaken address.

¶6.     Nearly fifteen months later, on March 10, 2004, plaintiffs filed a Motion for Leave to File Plaintiffs' Second Amended Complaint.  The motion claimed the amended complaint was necessary, in part, to "correct service information for Defendant[] Dalloz Safety, Inc.  . . . ."  However, the proposed Second Amended Complaint again recited an incorrect address for Bacou-Dalloz's agent for process, 1013 Center Road, Wilmington, Delaware 19801, although the agent's name was corrected.  The motion was granted, and on May 24, 2004, Bacou-Dalloz was somehow served with the Second Amended Complaint.[2]

¶7.     On June 22, 2004, Bacou-Dalloz filed its Motion to Dismiss and Answer and Defenses to the plaintiffs' Second Amended Complaint, asserting it was served with process 499 days after the 120-day service period had expired.  The circuit court called up the motion on March 30, 2005.  Although plaintiffs' counsel endeavored to explain why she attempted service of the Original Complaint on an incorrectly named agent for process at its former address, she offered no explanation as to why she did not attempt to serve Bacou-Dalloz with the First Amended Complaint, and she offered no good cause for waiting one year and five months after learning of the failed service to finally serve process on Bacou-Dalloz.  Nevertheless, on May 20, 2005, the circuit court entered its order denying Bacou-Dalloz's Motion to Dismiss. Bacou-Dalloz timely filed its Petition for Interlocutory Appeal, which we granted.  See M.R.A.P. 5.

---

[2] We presume that Corporation Service Company received the notice after it was forwarded from the 1013 Centre Road address to the correct 2711 Centerville Road address.  However, neither the parties nor the record sheds any light on the specifics of the service.  We are simply told that Bacou-Dalloz's proper agent for service of process was served on May 24, 2004.

3

**DISCUSSION**

¶8. Although Bacou-Dalloz frames the issue as three separate considerations, there is but one assignment of error before us on appeal: whether the circuit court erred in denying Bacou-Dalloz's Motion to Dismiss for failure to serve process within 120 days pursuant to M.R.C.P. 4(h).

¶9. The denial of a motion to dismiss presents a question of law, which we review de novo. *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 988 (Miss. 2004). We review any findings of fact made by the circuit court for abuse of discretion. *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (Miss. 2002).

> **I.      Whether the circuit court erred in denying Bacou-Dalloz's Motion to Dismiss for failure to serve process within 120 days pursuant to M.R.C.P. 4(h).**

¶10. Rule 4(h) of the Mississippi Rules of Civil Procedure addresses service of process:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action **shall be dismissed** as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M. R. C. P. 4(h) (emphasis added). Bacou-Dalloz asserts the circuit court erred by denying its Motion to Dismiss for failure to serve within the 120-day period provided by Rule 4(h). The record indicates plaintiffs attempted service of the Original Complaint on Corporation Service Company at the wrong name and wrong address, although the address was one used by plaintiffs' counsel in the past to serve Bacou-Dalloz. Somehow, another company - CT

4

Corporation System – received Bacou-Dalloz's service of process, and plaintiffs were informed of this error by letter dated December 10, 2002. Plaintiffs made no attempt to serve Bacou-Dalloz with their First Amended Complaint, filed December 31, 2002. Plaintiffs only served Bacou-Dalloz with the Second Amended Complaint on May 24, 2004, which was 619 days following the filing of the Original Complaint; 499 days after the 120-day period for service of process expired; and one year and five months after plaintiffs learned they had effected service on the wrong agent of process. Under these facts, plaintiffs clearly failed to timely serve Bacou-Dalloz.

¶11. When service is not made within 120 days after the filing of the complaint, a plaintiff must show good cause why process was not served within that period, or dismissal of the suit is required. M. R.C. P. 4(h). *See also **Triple "C" Transp., Inc. v. Dickens***, 870 So. 2d 1195, 1200-01 (Miss. 2004); **Holmes**, 815 So. 2d at 1185. Therefore, according to Rule 4(h) and this Court's precedent, the trial court should have dismissed this action as to Bacou-Dalloz without prejudice unless plaintiffs demonstrated good cause as to why service was not made within the 120-day service period.

¶12. In order to establish good cause, plaintiffs "must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." **Webster v. Webster**, 834 So. 2d 26, 28 (Miss. 2002) (citations omitted). The record indicates plaintiffs attempted service of the original complaint on Bacou-Dalloz through its registered agent for service of process at an

5

incorrect name and incorrect address. Even though they were informed of their mistake by letter dated December 10, 2002, plaintiffs never explain why process was not then reissued for Bacou-Dalloz's agent for process at its correct address and served during the 120-day period. They likewise fail to explain why they did not attempt to serve process for 499 days following the expiration of the 120-day service period.

¶13. Further, this Court has held that, if it appears service cannot be made within the 120-day period, "a diligent plaintiff should file [a motion for additional time to serve process] within the 120-day time period. Such diligence would support an allegation that good cause exists for failure to serve process timely." *Id.* at 29. Plaintiffs did not file the recommended motion for extension of time. Instead, they filed a Motion for Leave to file a Second Amended Complaint and requested the clerk reissue summons on March 8, 2004, which was 442 days after the 120-day period to serve process had expired.

¶14. The record shows plaintiffs made only two attempts at service – the first in December 2002 at an incorrect address, and the second on May 24, 2004, successfully serving Bacou-Dalloz. Plaintiffs' inaction, without adequate explanation, shows a lack of good cause far beyond excusable neglect. Because plaintiffs have failed to show good cause for not timely serving Bacou-Dalloz, dismissal is required.

## CONCLUSION

¶15. Plaintiffs neither served Bacou-Dalloz within the 120 days for service of process following the filing of the original complaint on September 13, 2002, nor showed good cause for their failure to do so as required by M.R.C.P. 4(h). As a result, the circuit court erred in

denying Bacou-Dalloz's Motion to Dismiss for Failure to Serve Process. For these reasons, we reverse the circuit court's order denying Bacou-Dalloz's Motion to Dismiss, and we render judgment here dismissing without prejudice the Second Amended Complaint and this action as to Bacou-Dalloz Safety, Inc.

¶16.    **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, CARLSON AND GRAVES, JJ., CONCUR.    EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, J., NOT PARTICIPATING.**