# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CT-01210-SCT

*WILLIE C. JOHNSON*

*v.*

*BRANDY N. THOMAS, A MINOR, BY AND THROUGH HER NEXT FRIEND, JOHN POLATSIDIS*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/15/2006 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERTA LYNN HAUGHTON |
| ATTORNEY FOR APPELLEE: | J. NILES McNEEL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 05/22/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     After a hearing, the Winston County Circuit Court entered an order setting aside its previous order allowing the plaintiff a second, 120-day extension to serve process on the defendant; denying the plaintiff's request for an additional 120 days to serve process; and dismissing the plaintiff's complaint with prejudice due to the running of the applicable statute

of limitations. On appeal, the Mississippi Court of Appeals reversed the trial court's judgment of dismissal and remanded this case to the Winston County Circuit Court with instructions to allow the plaintiff an extension of time to serve process on the defendant. *Johnson v. Thomas,* 2007 Miss. App. LEXIS 546 (Miss. Ct. App. Aug. 28, 2007). After the Court of Appeals denied the defendant's motion for rehearing (*Johnson v. Thomas*, 2007 Miss. App. LEXIS 835 (Dec. 11, 2007)), the defendant filed a petition for writ of certiorari, which this Court granted. *Johnson v. Thomas*, 2008 Miss. LEXIS 113 (Feb. 28, 2008). Upon consideration, we reverse the judgment of the Court of Appeals and reinstate and affirm the trial court judgment entered in favor of the defendant.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. On July 18, 2005, Willie C. Johnson filed a complaint in the Circuit Court of Winston County against Brandy N. Thomas. Since Thomas was then a minor, she was sued by and through her next friend, John Polatsidis, and "Doe Defendant A" was also named as a defendant. Johnson asserted in his complaint that he had suffered personal injuries as a result of a motor vehicle accident on July 16, 2002, when a vehicle driven by Thomas collided with a vehicle in which Johnson was a passenger. The record reflects that, at the time of the filing of the complaint on July 18, 2005, process was not issued for service upon the defendants.[1]

---

[1]There is no dispute as to this action being commenced within the three-year limitations period prescribed by Mississippi Code Annotated Section 15-1-49 (Rev. 2003), since July 16, 2005, was a Saturday, thus meaning that Johnson had until Monday, July 18, 2005, in which to commence this action. *See* Miss. R. Civ. P. 6(a).

¶3.    On November 10, 2005, 115 days after filing the complaint, Johnson filed a motion for an extension of time to serve process on Thomas. In this motion, as a basis for requesting the extension of time, Johnson stated that his attorney was conducting an ongoing investigation to determine the identity of Thomas's "next friend or parent," and that his attorney's investigator, "who would conduct this investigation, has been out on sick leave for several weeks and the date of his return is not yet known." The trial court granted Johnson's motion and gave Johnson an additional 120 days to perfect service on Thomas.

¶4.    On November 22, 2005, Thomas, unaware that Johnson had received an extension, filed a motion to dismiss Johnson's complaint for lack of service of process. Thereafter, on March 16, 2006, Johnson filed a second motion for an extension of time to serve process. The trial court granted Johnson's second request for an extension. On March 27, 2006, Thomas filed a motion to set aside the trial court's second order granting Johnson an extra 120 days in which to serve process. On May 3, 2006, Johnson filed an amended complaint, with the only substantive change in the amended complaint being the allegation that Sherry Polatsidis was the mother and next friend of Brandy Thomas.

¶5.    On May 15, 2006, in the Circuit Court of Winston County, Judge Joseph H. Loper, Jr., presiding, a hearing was held on Thomas's motion to set aside the trial court's second order granting Johnson an extension of time in which to perfect service of process on Thomas. At the hearing, Thomas's attorney argued that he had filed a motion to dismiss before learning that the court had granted Johnson's request for an extension of time. After realizing that a request had been granted, Thomas's attorney spoke with Johnson's attorney

3

on two separate occasions. Thomas thus asserts that Johnson's attorney should have informed the trial judge of these discussions with Thomas's attorney and the fact that Thomas had filed a motion to dismiss for failure to timely effectuate service of process upon Thomas. In the end, Judge Loper concluded that he had granted the extension without full knowledge of the procedural history of this case.

¶6. Judge Loper then allowed Johnson's attorney an opportunity to attempt to establish "good cause" as to why additional time should be granted for service of process to be perfected. Again, Johnson's attorney argued that her law office was under-staffed and that the investigator had been out of the office. Judge Loper ruled that Johnson's attorney had failed to show good cause for failing to serve Thomas and refused to grant additional time in which to perfect service of process. Therefore, the trial court's second order granting Johnson additional time to perfect service was set aside and the complaint was dismissed with prejudice.

## PROCEEDINGS IN THE COURT OF APPEALS

¶7. On appeal, Johnson raised four issues: (1) whether John Polatsidis and Brandy N. Thomas were parties to this action; (2) whether the trial court lacked jurisdiction to enter an order of dismissal as to Polatsidis and Thomas; (3) whether the issue of settlement discussions between the parties' attorneys was information which should have been disclosed by Johnson's attorney to the trial judge when she sought an extension of time in which to serve process upon the defendants; and (4) whether the trial judge erred in requiring Johnson to show good cause (as opposed to cause) to obtain an extension of time in which to serve

4

process upon the defendants. However, the Court of Appeals determined that "[a]lthough Johnson lists four issues, we choose not to specifically address them, as they are subsumed in the ultimate question of whether the trial judge abused his discretion in setting aside his second order granting Johnson additional time to serve process and in dismissing Johnson's case with prejudice." ***Johnson v. Thomas***, 2007 Miss. LEXIS 546, *5, ¶ 7.

¶8. In addressing this sole issue, the Court of Appeals stated, *inter alia*, "that in light of the fact that the judge found sufficient cause to rule in Johnson's favor on two occasions, we find that it was arbitrary and capricious for the judge to void his order granting the second extension. Accordingly, we reverse and remand this case to the trial court with instructions to allow Johnson an extension of time to perfect service of process upon Thomas, provided that the extension may be limited to the number of days remaining on the second extension before it was voided." *Id.*, *10, ¶ 15. In particular, the Court of Appeals determined that, according to Mississippi Rule of Civil Procedure 6(b)(1), cause, not good cause, is all that must "be shown before a trial judge is authorized to grant a request for additional time after a previous request has already been granted." *Id*. at * 7, ¶ 11. After Thomas's motion for rehearing was denied by the Court of Appeals, Thomas filed a petition for writ of certiorari, which this Court granted.

## DISCUSSION

¶9. We agree with the Court of Appeals that, although Johnson raised four issues on appeal, these issues were "subsumed" in the critical question of whether the trial judge's action in setting aside the second order granting Johnson an extension of time to serve

5

process on the defendants rose to the level of an abuse of discretion. Indeed, based on Thomas's petition for writ of certiorari, to which Johnson filed no response,[2] we deem it appropriate on established authority to limit today's question on review via our grant of certiorari. *In Re Estate of Woodfield*, 968 So. 2d 421, 426 (Miss. 2007); *Yelverton v. Yelverton*, 961 So. 2d 19, 23-24 (Miss. 2007). *See* Mississippi Rule of Appellate Procedure 17(h).

¶10.    We now address the one issue we choose to address on writ of certiorari.

> **I.    WHETHER A PLAINTIFF WHO OBTAINS FOR "CAUSE" AN EXTENSION TO SERVE PROCESS WITHIN THE INITIAL 120 DAYS OF THE FILING OF THE COMPLAINT CAN THEREAFTER CONTINUE OBTAINING EXTENSIONS FOR "CAUSE" AS OPPOSED TO SHOWING "GOOD CAUSE" AS LONG AS AN EXTENSION IS OBTAINED BEFORE THE EXISTING EXTENSION HAS EXPIRED**.

¶11.    In addressing this issue, we necessarily are required first to consider whether the trial judge in today's case abused his discretion in setting aside his second order granting the plaintiff an extension of time in which to serve the defendants with process. However, in addition to setting aside this second order granting an extension of time to serve process, the trial court also denied the plaintiff's request for additional time to serve the defendants and dismissed the complaint with prejudice "since more than three years has elapsed since the

_____

[2]Pursuant to Mississippi Rule of Appellate Procedure 17(d), Johnson was under no obligation to file a response to Thomas's petition for writ of certiorari, but we note Johnson's lack of a response only to make clear that the sole issue we are asked to consider on writ of certiorari is the one issue which we discuss today, after re-stating the issue for the sake of our discussion.

6

date of the accident that forms the basis of the Complaint." This Court's standard of review when considering a motion to dismiss is *de novo*. **Scaggs v. GPCH-GP, Inc.,** 931 So. 2d 1274, 1275 (Miss. 2006). *See also* **Carter v. Citigroup, Inc.,** 938 So. 2d 809, 817 (Miss. 2006) (quoting **Stephens v. Equitable Life Assur. Soc'y of the United States,** 850 So. 2d 78, 82 (Miss. 2003)). On the other hand, "[t]his Court leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process under Rule 4(h)." **Long v. Mem'l Hosp. at Gulfport**, 969 So. 2d 35, 38 (Miss. 2007). That is to say, "[w]here such discretion is abused or is not supported by substantial evidence, this court will reverse." **Id.**

¶12.    We now return to the facts of this case. A brief timeline concerning the procedural history of this case is beneficial:

| Event | Date | Days Elapsed |
|---|---|---|
| Complaint (Plaintiff) | 07-18-05 (Filed) | |
| Motion for Extension of Time (Plaintiff) | 11-10-05 (Filed)[3] | 115 |
| Order Granting Motion (Dated: 11-08-05) | 11-18-05 (Filed) | 8 |
| Motion to Dismiss (Defendants) | 11-22-05 (Filed) | 4 |
| Summons Issued[4] | 03-15-06 | 113 |

---

[3]Note that the order granting the motion was actually signed by the trial judge two days before the motion for extension of time was even filed. We can thus safely say that Johnson's attorney construed our rules of civil procedure in such a way as to assure a "speedy" determination of her motion. *See* Mississippi Rule of Civil Procedure 1.

[4]Although Johnson had secured an extension of time to effectuate service of process, we note that Johnson's attorney waited until two hundred forty (240) days after the complaint was filed before she, for the first time, requested that summons be issued for service upon the defendants.

7

| | | |
|---|---|---|
| Second Motion for Extension of Time (Defendants) | 03-16-06 (Filed) | 1 |
| Order Granting Motion (Dated: 03-15-06) | 03-20-06 (Filed) | 4 |
| Motion to Set Aside Order Granting Time (Defendants) | 03-27-06 (Filed) | 7 |
| Response to Motion to Set Aside (Plaintiff) | 04-04-06 (Filed) | 8 |
| Response to Plaintiff's Response (Defendants) | 04-07-06 (Filed) | 3 |
| Amended Complaint (Plaintiff) | 05-03-06 (Filed) | 26 |
| Summons Issued | 05-03-06 | 0 |
| Hearing on Motion to Set Aside Order | 05-15-06 | 12 |
| Order Granting Motion and Dismissal (Dated: 06-15-06) | 06-19-06 (Filed) | 35 |

¶13.    As noted in the timeline, on May 15, 2006, the trial judge heard Thomas's Motion to Set Aside Order Granting Additional Time to Serve Process and to Dismiss Complaint Without Prejudice.  During this hearing, Thomas's attorney presented the trial judge with several material details (previously unknown to the trial judge) concerning Thomas's participation in the present case.  First, Thomas's attorney informed Judge Loper that on November 22, 2005, unaware of the court's first extension of time, he filed a motion to dismiss for lack of service of process.[5]  However, upon learning of the trial court's first order granting additional time, he considered the motion moot and not ripe for hearing.  In addition, on two separate occasions, Thomas's attorney and Johnson's attorney had settlement discussions, although they failed to reach a settlement. Therefore, upon learning that Johnson had filed a second motion for extension of time to serve process, and that the trial judge had entered an order granting this second motion, Thomas's attorney filed a

---

[5]Thomas's attorney also opined that since the certificate of service appended to the motion to dismiss reveals that he had mailed a copy of the motion to dismiss to Johnson's attorney, Johnson, through his attorney, had known since November 22, 2005, that he (Thomas's attorney) was an attorney of record in the case, and yet this fact was not revealed to the trial judge at the time that Johnson's attorney secured a second extension of time to serve process.

8

motion to set aside the order because he believed that the trial court had been misled by Johnson's attorney not fully informing the trial court of the procedural history of this case, including the fact that Thomas's attorney was an attorney of record in this case.[6]

¶14. Upon receiving this additional information at the hearing, Judge Loper reconsidered his previous, second extension of time to serve process and determined that Johnson had failed to show cause for not serving Thomas. In essence, the trial judge determined that being under-staffed at her law office had not prohibited Johnson's attorney from having contact with Thomas's attorney and should not have prohibited her from serving process upon Thomas and her next friend. Specifically, Judge Loper stated:

> And I am going to set aside the order granting additional time because, you know, intentional or unintentional, I'm of the opinion – I mean plaintiff's counsel has indicated she thought I already was aware of the motion that had been filed by the defense, but I was not.

> And I – because I was not aware of that, I granted this motion without having all the information before me. And I should have known that. I believe it was plaintiff's counsel (sic) responsibility to notify the Court that there was somebody else involved in this case already. So I am going to set aside the order granting additional time.

¶15. After setting aside the second order granting an extension of time to serve process, Judge Loper stated:

---

[6]We also note that the record reveals that no certificate of service was appended to the second motion for extension of time to serve process, which motion was filed on March 16, 2006, and it is apparent from the record that it is undisputed that Johnson's attorney failed to send a copy of this motion to Thomas's attorney, notwithstanding the fact that Johnson's attorney had known at least since November 2005 of the involvement of Thomas's attorney in this case.

Now, if – you know, I am prepared now to hear if you want to go forward and argue why that motion should be granted now. But right now the motion is not granted. And if you want to come forward and show me *good cause* now of why I should go ahead and grant additional time, you know, I am prepared to hear that.

(Emphasis added).

¶16. Johnson's attorney then proceeded to argue what she believed constituted good cause to justify the trial court granting a second extension of time to serve process upon the defendants. During her argument, Johnson's attorney again argued that her law office was "short-handed," and that her investigator had been out of the office for a substantial period of time. After hearing arguments from the attorneys for Johnson and Thomas, Judge Loper reasoned:

> I'm of the opinion plaintiff has failed to show good cause. The defense counsel stated very accurately anybody in the state of Mississippi, that is . . . over 18 . . . but anybody can serve process. If it is somebody whose address is, you know, widely known, then I see no reason why some particular individual that is employed by the office is the one that would have to do the serving. Anybody could serve it.
> . . .
> So I don't think good cause has been shown. I am going to now deny the motion for additional time.

¶17. Since Johnson was not able to show "good cause," Judge Loper voided his previous order granting a second extension of time and dismissed Johnson's complaint with prejudice "since more than three years has elapsed since the date of the accident that forms the basis of the Complaint."

¶18. Mississippi Rule of Civil Procedure 4(h) states:

10

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

¶19. It is clear that Rule 4(h) requires a summons and a copy of the complaint to be served upon the defendant "within 120 days after filing of the complaint." If service of process has not been completed within 120 days, the party responsible for service must show "good cause" why such service had not been issued. Miss. R. Civ. P. 4(h).

¶20. We note that Mississippi Rule of Civil Procedure 6(b)(1), dealing with enlargement of time in which to perform a required act, provides in relevant part:

When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

¶21. Thus, Thomas asserts that when reading Rule 4(h) together with Rule 6(b)(1), the "for cause shown" requirement set out in Rule 6(b)(1) applies only to an extension of time granted within the initial 120 days of the filing of the complaint. Thomas opines that by following this argument to its logical conclusion, "good cause" thus must be shown to justify the granting of a second extension of time to serve process upon a defendant.

¶22. Although we find no case directly on point to apply to the factual scenario with which we are presented in today's case, our recent decision in *Cross Creek Products v. Scafidi*, 911 So. 2d 958 (Miss. 2005) offers guidance. In *Cross Creek*, a pro-se, personal-injury plaintiff

11

filed suit on July 29, 2003. Thus, pursuant to Mississippi Rule of Civil Procedure 4(h), the deadline for service of the summons upon the named defendants was November 26, 2003. Prior to the running of the 120-day period prescribed in Rule 4(h), the plaintiff wisely employed an attorney, who on November 18, 2003, filed a motion for additional time to serve process. The trial judge granted the motion, thus giving the plaintiff until March 26, 2004, in which to serve process upon the defendants. On December 3, 2003, the plaintiff filed an amended complaint, and one of the defendants, Cross Creek, was served with process on February 19, 2004. In due course, Cross Creek filed a motion to dismiss, asserting that the plaintiff did not have good cause for failing to serve process within the initial, 120-day period. After the trial court denied the motion to dismiss, we granted Cross Creek's subsequently-filed petition for interlocutory appeal. En route to affirming the trial judge's denial of Cross Creek's motion to dismiss, we stated:

> Rule 4(h) clearly does not apply to a motion for additional time filed within the initial 120 days. In fact, under Rule 4(h), a showing of good cause is not required *unless and until* the complaint is subject to dismissal for failure to serve process within 120 days, and a complaint cannot be subject to dismissal for failure to serve process within 120 days until the 120-day period has elapsed. There is no requirement in the Rules that, during the initial 120-day period, a plaintiff must show good cause in order to obtain additional time in which to serve process.

*Id.* at 960 (emphasis in original).

¶23. In today's case, Johnson cites *Cross Creek* in support of his argument that the trial judge erred in requiring him to show "good cause" for failing to serve process. However, we agree with Thomas that Johnson has misinterpreted what we said in *Cross Creek*.

12

Continuing with our analysis of *Cross Creek*, this Court likewise discussed the applicability

of Mississippi Rule of Civil Procedure 6(b) to the facts with which we were then confronted.

In discussing the "for cause shown" language found in Rule 6(b), we stated:

> "An application under Rule 6(b)(1) normally will be granted in the absence of
> bad faith or prejudice to the adverse party." 4B Charles Alan Wright & Arthur
> R. Miller, Federal Practice and Procedure § 1165, at 522 (3d ed. 2002). Here,
> Scafidi [the plaintiff] did not act in bad faith in failing to issue and serve
> summons. Her excuse for this failure was that she was proceeding pro se.
> Ignorance of the court rules does not constitute bad faith. Further, Cross Creek
> has shown absolutely no prejudice as a result of the delay in being notified
> about the lawsuit. There is no evidence of witnesses who cannot be found or
> documents which have been lost or memories that have faded. Therefore, we
> find that the circuit court did not abuse its discretion in granting additional
> time in which to serve summons and did not err in denying Cross Creek's
> motion to dismiss. *However, this finding is specifically limited to those
> situations where the motion for additional time is filed before the deadline.*

*Id.* (emphasis added).  Thus, we find that *Cross Creek* does not benefit Johnson in the case

*sub judice* because *Cross Creek* involved the issue of whether a plaintiff was required to

show "good cause" for failure to serve process within the initial, 120-day period prescribed

in Rule 4(h).

¶24.    In today's case, Thomas does not attack Johnson's timely-filed motion for extension

of time filed within the initial 120-day period, thus receiving an additional 120 days in which

to obtain service of process upon the defendants.  Nor does this Court find fault with

Johnson's actions in this regard.  Pursuant to Mississippi Rule of Civil Procedure 4(h), when

read in conjunction with Mississippi Rule of Civil Procedure 6(b)(1), Johnson, in a proper

ex parte proceeding within the initial 120-day period prescribed by Rule 4(h), was entitled

to an order from the trial judge for an enlargement of time in which to serve process "for

13

cause shown." On the other hand, we find today that once a party has received a first extension of time under Rule 4(h) in which to serve process, a second or subsequent extension of time to effectuate service of process may be granted by the trial court only upon a showing of "good cause." In other words, once the initial, 120-day period after filing the complaint has elapsed, good cause is required to avoid dismissal. While we recognize that Rule 6(b)(1) provides for an enlargement of time "for cause shown," when reading the two Rules together, it is apparent that Rule 4(h) requires "good cause" after the expiration of 120 days. Because Rule 4(h) is the specific rule applicable in today's case and Rule 6(b)(1) is a general-application rule, the language in Rule 4(h) controls. In *Diogenes Editions v. State*, 700 So. 2d 316, 320 (Miss. 1997), this Court stated:

> [I]t is well settled that specific statutes govern over general ones. *Lenoir v. Madison County,* 641 So. 2d 1124, 1129-30 (Miss. 1994); *Wilbourn v. Hobson*, 608 So. 2d 1187, 1191 (Miss. 1992). Though we find no cases which apply the rules of statutory construction to the M.R.C.P. in terms of the application of one rule over another, we hold nonetheless that the same principal (sic) applies.

*Id.* at 320.

¶25. Likewise, we consider the second ex parte contact which Johnson's attorney had with the trial judge to secure the second extension of time to serve process, thus pushing the time to a total of three hundred sixty days in which service of process could have been effected in this case. While we do not condemn Johnson's attorney for having yet another ex parte contact with the trial judge to request this second extension of time to serve process, we do find that Johnson's attorney had an obligation to inform the trial judge of certain facts, such

14

as Thomas being represented by an attorney, the identity of that attorney, Thomas's previous filing of a motion to dismiss, and the settlement negotiations between the attorneys. According to Rule 3.3(d) of the Mississippi Rules of Professional Conduct:

> In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Additionally, the comment to Rule 3.3(d) states:

> ***Ex Parte Proceedings***. Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in an ex parte proceeding, such as an application for a temporary restraining order, there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

¶26. In today's case, Judge Loper never was given the opportunity to perform "his affirmative responsibility to accord the absent party just consideration," because Johnson's attorney did not present to Judge Loper the facts known to her, such as Thomas being represented by an attorney, the identity of that attorney, Thomas's previous filing of a motion to dismiss, and the settlement negotiations between the attorneys. On the other hand, while we agree with the trial judge's post-hearing conclusion that the actions of Johnson's attorney were not willful and malicious, this does not cure the fact that the trial court was misled or misinformed, whether it be intentional or unintentional. The trial judge did not have all the material facts before him when granting the second extension of time; as such, we do not find

15

that he abused his discretion by voiding his order granting the second of extension of time to serve process. The trial judge gave Johnson's attorney an opportunity to show "good cause" as to why a second extension of time should be granted after receiving all the relevant facts, and Johnson's attorney was unable to do so. We, like the trial judge, find that any person in the state of Mississippi "who is not a party and is not less than 18 years of age" may act as a process server. Mississippi Rule of Civil Procedure 4(c)(1). Thus, based on the record before us, we find that the trial judge did not abuse his discretion in finding that the fact that the investigator for Johnson's attorney was out of the office for a substantial period of time, was not "good cause" for the failure to serve the defendants in this case.

¶27. Most importantly, we note that a trial judge has the authority to control his or her own docket. "[I]t is critical to the trial court's power of control over its own docket and its ability to serve effectively all litigants that it maintain control over progress of cases before it, including requests for extensions of time." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (citing *Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289, 1293 (8th Cir. 1980)).

¶28. Like the Eighth Circuit, this Court has not been silent on the issue of trial judges possessing the ability to control their dockets. *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1042 (Miss. 2003). In addressing the trial court's authority to dismiss a case for want of prosecution, we stated in a recent case:

> Any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to "the orderly expedition of justice" and "the court's control of its own docket." *Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990) (quoting *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986)). It has been clear since the

16

adoption of the Mississippi Rules of Civil Procedure that the granting of motions to dismiss is a matter within the discretion of the trial court. ***Roebuck v. City of Aberdeen***, 671 So. 2d 49, 50 (Miss. 1996) (citing ***Carter v. Clegg***, 557 So. 2d 1187, 1190 (Miss. 1990)). This Court will not disturb a trial court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion. ***Watson***, 493 So. 2d at 1279.

***Cucos, Inc. v. McDaniel***, 938 So. 2d 238, 240 (Miss. 2006).

¶29.   This rule of law is likewise applicable to today's case.  For this Court to hold otherwise would be nonsensical.  As correctly opined by Thomas in her petition for writ of certiorari, "[t]o permit a party who files a complaint to obtain successive extensions to serve process on a defendant just by showing 'cause' as long as the next motion for extension is filed before the existing extension expires [would] encourage delay in litigation. Theoretically, the extension process [could] go on ad infinitum."  Thus from today's record, we find that the trial judge did not abuse his discretion in setting aside his order dated March 15, 2006, and entered on March 20, 2006, which order granted Johnson's second request for an additional 120 days in which to serve process upon the defendants.  Although, pursuant to Mississippi Rule of Civil Procedure 4(h), a dismissal for failure to show good cause why service was not obtained within the initial 120-day period is without prejudice, the trial judge correctly dismissed this case with prejudice since, as of June 19, 2006, the date of entry of the Order Granting Motion to Set Aside Order Granting Additional Time to Serve Process and Dismissing Complaint With Prejudice, the three-year limitations period prescribed by the applicable statute, Mississippi Code Annotated Section 15-1-49, had long since passed.

**CONCLUSION**

¶30.   For the reasons stated, we reverse the judgment of the Court of Appeals and reinstate and affirm the final judgment of the Circuit Court of Winston County in favor of Brandy N. Thomas, A Minor, By and Through Her Next Friend, John Polatsidis, against Willie C. Johnson.

¶31.   **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED**.

**SMITH, C.J., WALLER, P.J., EASLEY, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  DIAZ, P.J., CONCURS IN RESULT ONLY.  GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**