# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-00615-SCT

*MICHAEL L. FOSS, M.D.*

*v.*

*DOROTHY WILLIAMS, ADMINISTRATRIX OF*
*THE ESTATE OF PETER D. PRICE, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2007 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JASON EDWARD DARE |
| | L. CARL HAGWOOD |
| | BRADLEY KEITH OVERCASH |
| ATTORNEY FOR APPELLEE: | EVERETT T. SANDERS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/25/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    The defendant filed this interlocutory appeal challenging the circuit court's denial of his motion to dismiss for the plaintiff's failure to serve process within 120 days. Finding that the trial court did not err in denying the motion, we affirm.

## Facts and Procedural History

¶2.    On July 19, 2006, Dorothy Williams filed a complaint asserting claims of medical malpractice and wrongful death against Northwest Mississippi Orthopaedic Clinic, Clarksdale HMA, Inc., Dr. William M. Barr, and Dr. Michael Foss. All of the defendants,

with the exception of Dr. Foss, were served with process within the 120-day time period provided under Mississippi Rule of Civil Procedure 4(h). Dr. Foss was served on November 17, 2006, 121 days after the complaint was filed. On December 12, 2006, Dr. Foss filed a motion to dismiss Williams' complaint for failure to comply with Rule 4(h). After a hearing, the trial court entered an order denying the motion to dismiss, finding that Williams had demonstrated good cause for failing to serve the defendant within the required time period.

**Discussion**

¶3. Dr. Foss argues that the trial court erred in denying his motion to dismiss because the plaintiff did not demonstrate good cause for failure to comply with Mississippi Rule of Civil Procedure 4(h). This rule provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h).

¶4. "Good cause" is a finding of fact "entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *LeBlanc v. Allstate Ins. Co.*, 809 So. 2d 674, 676 (Miss. 2002) (quoting *Rains v. Gardner*, 731 So. 2d 1192, 1196 (Miss. 1999)).

¶5. During the hearing, plaintiff's counsel argued that he had good cause for missing the deadline because he had associated local counsel whom he believed was responsible for serving process. The local attorney failed to initiate service, and the plaintiff's counsel did

not learn of the failure until 118 days after the complaint was filed. At that time, he immediately sought to have the defendants served. The local counsel later withdrew from the case. The trial judge found that these facts were sufficient to demonstrate good cause.

¶6.     In order to establish that good cause exists for late service, a plaintiff must have made a diligent effort to effect service. *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 546 (Miss. 2005). This Court has recognized several instances where good cause exists: when the failure is a result of the conduct of a third person; when the defendant has evaded service of process or engaged in misleading conduct; when the plaintiff has acted diligently; when there are understandable mitigating circumstances; or when the plaintiff is proceeding pro se or in forma pauperis. *Holmes*, 815 So. 2d at 1186 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 342 (3d ed. 2000)).

¶7.     The defendant argues that Williams did not demonstrate "a diligent effort" because she waited until the 119th day to attempt service. The defendant cites *Powe v. Byrd*, 892 So. 2d 233 (Miss. 2004), and *Bang v. Pittman*, 749 So. 2d 47 (Miss. 1999), where this Court held that plaintiffs were not diligent in their efforts because they waited until the last days to comply with Rule 4(h). These cases are distinguishable because Williams' failure to timely serve Dr. Foss was caused by the actions of the local attorney who later withdrew from the case. *See Holmes*, 815 So. 2d at 1186. Upon learning of co-counsel's failure, Williams took immediate action and served the other three defendants within the 120 day time period.

¶8.     The defendant also relies on *Bacou-Dalloz Safety, Inc. v. Hall*, 938 So. 2d 820 (Miss. 2006), to argue that dismissal was warranted. In that case, the plaintiffs first served the

3

summons and complaint on the wrong agent, but were notified of this mistake within the 120-day time period. *Id.* at 821. The plaintiffs finally served a second amended complaint 499 days after the 120-day deadline had expired and one year and five months after learning that they had effected service on the wrong agent. *Id.* at 822-23. The delay in *Bacou-Dalloz* was significantly longer than the one day delay in the present case.

¶9. Finally, Dr. Foss argues that the standard of review is de novo and not abuse of discretion because the issue was whether to grant an extension of time. To be sure, "a decision to grant or deny an extension of time based upon a question of law will be reviewed de novo." *Id.* (citing *Raines*, 731 So. 2d at 1198). However, the trial court in this case did not grant an extension of time; it simply ruled that it would not dismiss Williams' complaint with respect to Dr. Foss based on its finding that good cause existed for Williams' failure to serve process timely. While Williams did file a motion for an extension of time after the denial of Dr. Foss's motion to dismiss and after process had been served, the trial court did not have an opportunity to make a ruling. This Court cannot consider a motion which the trial court has not had an opportunity to consider. Even if the issue were whether an extension was warranted, the trial court's ruling was not based on a question of law. The dismissal of Dr. Foss' motion was based on the court's fact-based finding that the miscommunication between Williams' attorneys about who was responsible for serving the defendants constituted good cause.

## Conclusion

¶10. For the foregoing reasons, we find that the trial court did not abuse its discretion in denying Dr. Foss' motion to dismiss. The judgment is affirmed and the case is remanded for further proceedings.

¶11. **AFFIRMED AND REMANDED.**

**EASLEY, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR. CARLSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, C.J., WALLER, P.J., AND DICKINSON, J.**

**CARLSON, JUSTICE, DISSENTING:**

¶12. With the utmost respect for my colleagues in the majority, I dissent because today's decision strays from *stare decisis*.

¶13. The relevant facts of this case necessary for disposition of today's appeal are for the most part undisputed. On July 19, 2006, Dorothy Williams, as Administratrix of the Estate of Peter D. Price, deceased, filed a complaint in the Circuit Court of Coahoma County, asserting claims of medical malpractice and wrongful death against Northwest Mississippi Orthopaedic Clinic, Clarksdale HMA, Inc. d/b/a Northwest Mississippi Regional Medical Center, Dr. William M. Barr, and Dr. Michael Foss. Notwithstanding the fact that process was not issued for service upon the defendants until November 15, 2006, all the defendants except Dr. Foss were served with process within 120 days after the filing of the complaint. Dr. Foss was not served with process until November 17, 2006, which was 121 days after the filing of the complaint. On December 12, 2006, Dr. Foss, through counsel, filed his "Special Appearance Motion to Dismiss," requesting that the trial court dismiss Williams's complaint against him for failure to comply with Mississippi Rule of Civil Procedure 4(h), since Dr. Foss was served one day after the 120-day deadline.

¶14.	On March 15, 2007, Coahoma County Circuit Court Judge Albert B. Smith, III,

conducted a hearing concerning Dr. Foss's Motion to Dismiss, wherein the following

discussion ensued:[1]

> BY THE COURT:  All right . . . state your good cause, for the record, for being one day late.
> BY [WILLIAMS'S COUNSEL]:  Well, your Honor, it was a product of, uh, I had initially spoken with an attorney up here in terms of associating him and, uh --
> BY THE COURT:  Who did you talk with?
> BY [WILLIAMS'S COUNSEL]:  I talked with [local counsel], and we were working on the case.  And in fact, he drafted pleadings.  What happened was that apparently my office was supposed to take care of the service of the process, and we thought he was taking – his office was taking care of it.  And we found out just – as the pleadings reflect, we found out two days before the time period expired that they had not been served.  So we immediately called and got together and got them served.  We served everybody except Dr. Foss, which was served on the one day beyond the 121.  I have counted that –
> BY [FOSS'S COUNSEL]:  121, yeah.
> BY THE COURT:  Okay, so – who filed the complaint?
> BY [WILLIAMS'S COUNSEL]:  I filed the complaint.
> BY THE COURT:  Okay.  And your understanding was that [local counsel] was getting it served?
> BY [WILLIAMS'S COUNSEL]:  Yeah.  He drafted–we–when I say "I filed it," we signed off on it.  And his office and my office had been talking back and forth handling it.  And we were – based upon what my folks told me, we were under the impression that they were going to get it served and apparently they were under the impression that we were going to get it served.  And when –
> BY THE COURT:  Who physically took it to the courthouse?
> BY [WILLIAMS'S COUNSEL]:  [Local counsel] physically took it to the courthouse.
> BY THE COURT:  Where is he today?
> BY [WILLIAMS'S COUNSEL]:  Well, he's – he's decided that he's not going to be involved in the case, I guess.

. . . .

---

[1]Since the hearing lasted only three minutes, I will set out, verbatim, most of the discussion between the trial court and the attorneys, inasmuch as I feel this is critical to the disposition of today's case.

BY [FOSS'S COUNSEL]: Your Honor, I've had no response as far as his assertions on the – on his reasons for good cause. I filed this on December the 8th, the motion to dismiss, of last year. There has been no response filed. He has put forth no evidence nor any arguments prior to just a moment ago concerning his good cause. There is no evidence and there's nothing in the record to show his good cause. And as you are aware, your Honor, the Mississippi Supreme Court in the *Montgomery Smithkline Beecham* case has stated that they must show due diligence. They must make a diligent effort to serve. And –

BY THE COURT: Okay, I'm going – for the record, I'm going to find that you had good cause. There was no mistake. And draw me an order denying his motion to dismiss.

¶15. On March 26, 2007, *after the hearing and Judge Smith's ruling from the bench*, Williams filed her response to Dr. Foss's Motion to Dismiss, wherein she stated:

1. The Complaint in this matter was filed on July 19, 2006.
2. Counsel for Plaintiff had attempted and thought he had engaged the service of a local attorney to assist with the litigation of this case.
3. After the complaint was filed there was some apparent confusion regarding who was going to be responsible for having process issued and served.
4. It came to Counsel's attention on or about November 14, 2006 by way of one of his staff members that process had not issued and the defendants had not been served. However, with the assistance of a local attorney from this jurisdiction, process was issued and all of the defendants were served within the 120 day time period with the exception of this defendant.
5. Counsel was unaware that this defendant was not served within the 120 days until after the time period had expired because the process had been transmitted to the Gulf Coast for service and Counsel was under the impression that it was being timely served.
6. Defendant herein was apparently served on the 121st day and, therefore Counsel for Plaintiff is moving the Court to enlarge the service period for one day pursuant to Rule 6(b)(2) of the Mississippi Rules of Civil Procedure for the foregoing reasons and for other good cause and/or excusable neglect to be further shown.

¶16. On March 28, 2007, Judge Smith entered an order denying Dr. Foss's Motion to Dismiss, finding that Williams had good cause for not serving Dr. Foss within the 120-day

period required by Mississippi Rule of Civil Procedure 4(h). In fact, Judge Smith's order recites, *inter alia,* that he found that Williams "has shown good cause for not serving [Foss] within the 120 day time period" and that Foss's motion to dismiss was denied because Williams "had good cause for not serving [Foss] within the 120 day period required by Rule 4(h) of the Mississippi Rules of Civil Procedure."

¶17.　The standard of review is clear. "When reviewing a trial court's grant or denial of a motion to dismiss . . . this Court applies a *de novo* standard of review." **Burleson v. Lathem**, 968 So. 2d 930, 932 (Miss. 2007) (citing **Scaggs v. GPCH-GP, Inc.**, 931 So. 2d 1274, 1275 (Miss. 2006); **Park on Lakeland Drive, Inc. v. Spence**, 941 So. 2d 203, 206 (Miss. 2006); **McLendon v. State**, 945 So. 2d 372, 382 (Miss. 2006); **Monsanto Co. v. Hall**, 912 So. 2d 134, 136 (Miss. 2005)). "'When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.'" **Id.** (quoting **Scaggs**, 931 So. 2d at 1275; *see also* **Lang v. Bay St. Louis/Waveland Sch. Dist.**, 764 So. 2d 1234, 1236 (Miss. 1999)).

¶18.　This Court also has stated:

> A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed 'a discretionary ruling . . . and entitled to deferential review' on appeal. **Rains v. Gardner**, 731 So. 2d 1192, 1197-98 (Miss. 1999). When reviewing fact-based findings, we will only examine 'whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.' **Id.** at 1197. However, a decision to grant or deny an extension of time based upon a question of law will be reviewed de novo. **Id.** at 1198.

8

*Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 544-45 (Miss. 2005) (quoting

*Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (Miss. 2002)).

¶19.    Dr. Foss argues that the trial court erred by denying his Motion to Dismiss and in

finding that Williams had good cause to violate the 120-day provision of Mississippi Rule

of Civil Procedure 4(h), which states:

> If a service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint and the party on whose behalf
> such was required cannot show good cause why such service was not made
> within that period, the action shall be dismissed as to that defendant without
> prejudice upon the court's own initiative with notice to such party or upon
> motion.

Further, Dr. Foss argues that Williams did not even attempt to file a motion for extension of

time in which to serve process within the original 120-day period prescribed by Rule 4(h).

¶20.    Williams argues that she requested the trial court to extend the time limit pursuant to

the provisions of Mississippi Rule of Civil Procedure 6(b)(2). However, of significant import

is the following chronology of events:

| Event | Date | Days Elapsed |
|---|---|---|
| Complaint (Plaintiff) | 07-19-06 (Filed) | |
| Summons Issued | 11-14-06 | 118 |
| 120-day time period expires | 11-16-06 | 2 |
| Dr. Foss served with process | 11-17-06 (Filed) | 1 |
| Dr. Foss's Motion to Dismiss | 12-12-06 (Filed) | 25 |
| Hearing on Dr. Foss's Motion to Dismiss | 03-15-07 | 93 |
| Dorothy Williams's Response to Dr. Foss's Motion to Dismiss (with request for extension of time) | 03-26-07 (Filed) | 11 |
| Order Denying Motion to Dismiss  (Dated: 03-26-07) | 03-28-07 (Filed) | 2 |

¶21.    From this time line and the record before this Court, I conclude that we

unquestionably could find the existence of certain facts.  There was a misunderstanding

9

between Williams's lead counsel and local counsel as to who was responsible for having process issued and served upon the various defendants upon the filing of the complaint; instead of attempting to seek and receive additional time from the trial court in which to serve process so as to avoid a violation of Mississippi Rule of Civil Procedure 4(h), Williams's counsel attempted to have all defendants served with process within the original 120-day period prescribed in Rule 4(h), succeeding in this respect except for Dr. Foss, who was served on the 121st day after the filing of the complaint. It was not until eleven days after the hearing before the circuit judge on Dr. Foss's motion to dismiss that counsel for Williams filed a written response to Dr. Foss's motion to dismiss. Contained within the response was this language: "Defendant herein was apparently served on the 121st day, and therefore Counsel for Plaintiff is moving the Court to enlarge the service for one day pursuant to Rule 6(b)(2) of the Mississippi Rules of Civil Procedure for the foregoing reasons and for other good cause and/or excusable neglect to be further shown."[2] Amazingly, eleven days after the hearing, 129 days after Dr. Foss was served with process, 130 days after the 120-day period prescribed by Rule 4(h) had expired, and 250 days after the complaint was filed, Williams, through counsel, requested for the first time an enlargement of time pursuant to Rule 6(b)(2) in which to serve process upon Dr. Foss!

---

[2]In the written response to Dr. Foss's motion to dismiss, Williams's lead counsel stated, *inter alia*, that he thought he had successfully secured local counsel to assist him in this case; that there was confusion between him and local counsel as to who was responsible for having process issued and served on the defendants; and that lead counsel was not aware of the fact that Dr. Foss had not been timely served with process until after the expiration of the 120-day period prescribed in Rule 4(h). I have already set out in detail *supra* the reasons for untimely service of process offered at the hearing by Williams's lead counsel.

¶22. Dr. Foss directs this Court to a recent Court of Appeals decision, ***Davis v. South Sunflower County Hospital***, 956 So. 2d 1103 (Miss. Ct. App. 2007), and argues that it is directly on point with the case *sub judice*. In ***Davis***, counsel for Davis delivered the complaint, summons, and discovery to the Sunflower County Sheriff's Department to be served 118 days after the complaint was filed; process was not served upon the defendant Hospital until 41 days later, or 39 days after the 120-day deadline. ***Id.*** at 1104. The Sunflower County Circuit Court granted the Hospital's motion to dismiss, and the Court of Appeals unanimously affirmed, stating:

> The sole issue presented in this appeal is whether Davis adequately demonstrated good cause for the untimely service of process. Davis concedes that she "indirectly failed to serve Appellees with process within the prescribed 120 day period." However, she argues that this was solely because of the negligence of the process server, the Sunflower County Sheriff's Department.
>
> . . . .
>
> In the present case, the trial court found that Davis violated the 120 day provision of Rule 4 and failed to show good cause for the delay. The trial court stated that Davis could have reasonably foreseen that the sheriff's department would need more than two days to properly serve the Hospital, and that it was unreasonable for Davis to wait until the last minute to attempt service of process. We note that the record does not demonstrate, nor has Davis argued, that the process server was expressly informed that process would need to be served within two days in order to be timely served.
>
> We apply the reasoning in ***Powe*** and ***Montgomery*** to the present case and find that they support the reasoning of the trial court. We recognize that this holding is an extension of ***Powe*** due to Davis delivering process on the 118th day after the complaint was filed, not the last day of the 120 day period as in ***Powe***. However, leaving a process server a two day window to accomplish service of process without receiving some express assurance that process would in fact be served within two days leaves a plaintiff vulnerable to having the complaint dismissed if process is not timely served. The trial court did not commit an abuse of discretion in dismissing the complaint.

***Id.*** at 1104-05.

11

¶23.  In ***Powe v. Byrd,*** 892 So. 2d 223 (Miss. 2004), the secretary for Powe's counsel

contacted the process server on the last day of the 120-day deadline to serve process.  ***Id.*** at

225. The process server did not complete service until three days later.  ***Id.***  The trial court

dismissed Powe's original complaint without prejudice because Powe did not show good

cause, and this Court affirmed, stating:

> Powe waited until the last day of the 120 day period to contact the process
> server, and process was not served. These actions do not constitute diligence
> in effecting service.

> This Court has stated that, "to establish good cause the plaintiff must
> demonstrate at least as much as would be required to show excusable neglect,
> as to which simple inadvertence or mistake of counsel or ignorance o[f] the
> rules usually does not suffice." ***Watters v. Stripling***, 675 So. 2d 1242, 1243
> (Miss. 1996) (quoting ***Peters v. United States***, 9 F.3d 344 (5th Cir. 1993)).

***Id.*** at 226.

¶24.  In ***Montgomery v. SmithKline Beecham Corp.***, 910 So. 2d 541, 545 (Miss. 2005), this

Court held that while Rule 4(h) does not require a plaintiff to file a motion for additional time

if a plaintiff cannot serve process within the 120-day deadline, such a filing certainly would

be a compelling factor showing diligence on the part of the plaintiff.  *See also **Webster v.***

***Webster***, 834 So. 2d 26, 29 (Miss. 2002) ("Such diligence would support an allegation that

good cause exists for failure to serve process timely.").  In ***Montgomery***, this Court went on

to state:

> Plaintiffs' counsel leaves the implication, once [associated counsel] was
> associated on the case, [original counsel] no longer had responsibilities to
> represent the plaintiffs, including the responsibility to make sure process was
> timely served. Counsel implies that his firm "took the file back" and "had no
> reason to know that service had not been made prior to [associated counsel's]
> withdrawal." The fact is, [original counsel] never lost possession of the file -
> at least, not in the legal sense. And for counsel to represent to this Court that

12

his firm "had no reason to know that service had not been made prior to [associated counsel's] withdrawal" is unsupportable. [Original counsel] has been counsel of record in this matter since its inception, and as counsel of record, maintained all the duties and obligations to the client as provided in Rules 1.1, 1.2, 1.3 and 1.4 of the Mississippi Rules of Professional Conduct.

*Id.* at 548.

¶25.   This Court once again recently addressed an issue similar to the issue before us today. In ***Johnson v. Thomas ex rel. Polatsidis***, 982 So. 2d 405 (Miss. 2008), the plaintiff sought and received two extensions of time to serve process via *ex parte* discussions with the trial judge, without noticing counsel opposite and without informing the trial judge of the fact that defendant's counsel had made an appearance in the case. *Id.* at 407-08.  The trial judge set aside his order granting the second extension of time and required plaintiff's counsel to show good cause as to why process had not been timely served. *Id.*  Upon hearing the reasons offered by plaintiff's counsel (investigator out of office for extended period of time), the trial judge found that plaintiff's counsel had failed to show good cause as to why process had not been timely served on the defendant; therefore the trial judge dismissed the plaintiff's lawsuit. *Id.*  On appeal, the plaintiff argued that the trial court erred in requiring him to show "good cause" (as required by Rule 4(h)) as opposed to only "cause" (as required by Rule 6(b)(1)) for failing to timely serve the defendant with process.  In affirming the trial court's judgment, this Court stated, *inter alia*:

> While we recognize that Rule 6(b)(1) provides for an enlargement of time "for cause shown," when reading the two Rules together, it is apparent that Rule 4(h) requires "good cause" after the expiration of 120 days.  Because Rule 4(h) is the specific rule applicable in today's case and Rule 6(b)(1) is a general-application rule, the language in Rule 4(h) controls.

13

*Id.*, at 413 (citing **Diogenes Editions v. State**, 700 So. 2d 316, 320 (Miss. 1997) (rules of statutory construction apply to the Mississippi Rules of Civil Procedure, meaning that specific rules govern over general rules)).

¶26.    Returning to the facts of today's case, and with the Court of Appeals' decision in **Davis** and this Court's decisions in **Powe**, **Montgomery** and **Johnson** squarely before this Court, it is my humble opinion that we unquestionably should find that the trial court erred as a matter of law in denying Dr. Foss's motion to dismiss, which was filed due to Williams's failure to have Dr. Foss timely served with process within the 120-day period prescribed in Mississippi Rule of Civil Procedure 4(h).  I take particular note of the fact that it was not until eleven days after the hearing before the circuit judge on Dr. Foss's motion to dismiss that counsel for Williams filed a written response to Dr. Foss's motion to dismiss.  Contained within the response, she alleged, *inter alia*, that "Defendant herein was apparently served on the 121st day, and therefore Counsel for Plaintiff is moving the Court to enlarge the service for one day pursuant to Rule 6(b)(2) of the Mississippi Rules of Civil Procedure for the foregoing reasons and for other good cause and/or excusable neglect to be further shown." I would again note that eleven days after the hearing, 129 days after Dr. Foss was served with process, 130 days after the 120-day period prescribed by Rule 4(h) had expired, and 250 days after the complaint was filed, Williams, through counsel, requested for the first time an enlargement of time pursuant to Rule 6(b)(2) in which to serve process upon Dr. Foss.  It is my opinion that, while we must afford deference to the trial court's discretionary fact-finding, such discretion is not unfettered, and it is thus my opinion that no good cause was shown for the failure to timely serve Dr. Foss with process as required by Rule 4(h), nor was

14

there any effort to request from the trial judge (within the original 120-day period) an extension of time in which to serve Dr. Foss with process. I would find that the trial court committed error when it failed to dismiss this case without prejudice as required by Rule 4(h). Therefore, it is my opinion that the Coahoma County Circuit Court's judgment should be reversed, Dorothy Williams's complaint against Dr. Foss should be dismissed without prejudice, and that this case should be remanded to the Circuit Court of Coahoma County for further proceedings.

¶27. Because the majority finds otherwise, I respectfully dissent.

**SMITH, C.J., WALLER, P.J., AND DICKINSON, J., JOIN THIS OPINION.**