# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00570-SCT

*RODNEY SHELTON FULGHAM*

*v.*

*CLARA JACKSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/30/2016 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| TRIAL COURT ATTORNEY: | S. TODD JEFFREYS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | M. GARNER BERRY |
| ATTORNEY FOR APPELLEE: | S. TODD JEFFREYS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/22/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KING AND CHAMBERLIN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal arises from the Circuit Court of Bolivar County. Rodney Fulgham argues that the trial judge below erred by denying his motion to dismiss. The motion asserted that the plaintiff, Clara Jackson, failed to show good cause justifying a second enlargement of time to serve process. Finding no error with the trial judge denying the motion to dismiss, we affirm.

## FACTS

¶2.     On February 4, 2015, Jackson filed a complaint against Fulgham for damages arising from a car accident.[1]  A summons was issued the next day, and both the complaint and summons stated that Fulgham was incarcerated at the Bolivar County Correctional Facility in Cleveland, Mississippi.  On May 8, 2015, within the 120-day deadline to serve process, Jackson filed a Motion for Enlargement of Time to Serve Process.  In the motion, Jackson stated that she believed Fulgham had been moved to the Carroll-Montgomery County Regional Correctional Facility in Vaiden, Mississippi, and that additional time was needed to serve Fulgham due to his movement through the prison system.  The trial judge granted the motion, giving Jackson an additional 120 days, until October 2, 2015, to serve process on Fulgham.

¶3.     On September 23, 2015, Jackson filed a Second Motion for Enlargement of Time to Serve Process.  In the motion, Jackson claimed that she had been advised that Fulgham would be returning to the correctional facility in Bolivar County but that such return never occurred.  Therefore, Jackson requested an additional sixty days to serve process.  The trial judge granted the second enlargement, giving Jackson until December 2, 2015, to serve Fulgham.  Ultimately, Jackson effectuated service of process on Fulgham on November 12, 2015, at the correctional facility in Carroll County.

¶4.     On December 17, 2015, Fulgham filed a Motion to Dismiss for failure to serve timely process, along with his first responsive pleadings.  Fulgham, through counsel, argued that his

---

[1]The underlying facts concerning the car accident are not pertinent to this appeal.

location in the prison system easily could have been determined by a name search on the Mississippi Department of Corrections website and that Jackson was not diligent in locating him. Thus, he argued that good cause was not shown for failing to serve process *within the first 120 days* after the case had been filed. Jackson filed a response to the motion and the trial judge held a hearing.

¶5.     At the hearing, Fulgham admitted that the first enlargement was properly granted and abandoned the argument presented in the written motion. Fulgham conceded that, because the first enlargement was sought within the initial 120-day time frame to serve process, Jackson need only to show "cause," not "good cause." *See **Johnson v. Thomas ex rel. Polatsidis***, 982 So. 2d 405, 412 (Miss. 2008) ("Rule 4(h) clearly does not apply to a motion for additional time filed within the initial 120 days."). The trial judge, however, allowed Fulgham to present an *ore tenus* motion to dismiss, asserting that Jackson had failed to show "good cause" as to why a second enlargement should have been granted.

¶6.     In response to the *ore tenus* motion, counsel for Jackson claimed that he had contacted an administrative official at the Bolivar County facility who initially stated that Fulgham was in Rankin County for processing. Some time later, counsel learned from the administrative official that Fulgham had been moved to the Carroll County facility but would be brought back to Bolivar County within a couple of months. At this time, counsel said he sought the first enlargement. Near the end of the 120-day period under the first enlargement, counsel stated that he contacted the prison official again and learned that Fulgham's return to Bolivar County was not imminent, so he filed for the second enlargement of time to serve process.

3

¶7. On April 5, 2016, the trial judge entered an order denying Fulgham's motion to dismiss, finding that Jackson had demonstrated cause for the first enlargement and good cause for the second. In doing so, the trial judge determined: (1) Fulgham's incarceration was a mitigating circumstance; (2) the actions of the administrative official misdirected Jackson's attempts to locate Fulgham; (3) that Jackson diligently inquired into Fulgham's location; and (4) that Jackson timely filed motions requesting additional time.

¶8. On April 21, 2016, Fulgham filed a Petition for Interlocutory Appeal, which we granted. Fulgham appeals, arguing the trial court abused its discretion in denying the motion to dismiss.

## DISCUSSION

¶9. "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed 'a discretionary ruling . . . and entitled to deferential review.'" *Collins v. Westbrook*, 184 So. 3d 922, 929 (Miss. 2016) (quoting *Rains v. Gardner*, 731 So. 2d 1192, 1197–98 (Miss. 1999)). With regard to these fact-findings, our review is limited to determining only "whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Id*. (citing *Rains*, 731 So. 2d at 1197). On the other hand, "a decision to grant or deny an extension based upon a question of law will be reviewed de novo." *Foss v. Williams*, 993 So. 2d 378, 380 (Miss. 2008).

    **A.**     **Additional motions for enlargements of time to serve process before the expiration of the original period or its previous extension require cause shown.**

4

¶10.    It is well-settled under Mississippi law that a plaintiff must serve process upon the

defendant(s) within 120 days of the filing of the complaint.  *See* M.R.C.P. 4(h).  Under Rule

4(h):

> If a service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint and the party on whose behalf
> such service was required cannot show good cause why such service was not
> made within that period, the action shall be dismissed as to that defendant
> without prejudice upon the court's own initiative with notice to such party or
> upon motion.

*Id*.  In ***Cross Creek Productions v. Scafidi***, 911 So. 2d 958, 960 (Miss. 2005), we found that

Rule 4(h)'s good-cause requirement "does not apply to a motion for additional time filed

within the initial 120 days."  Instead, we determined that, under Rule 6(b), a party need only

show "cause" to obtain an enlargement of time so long as the enlargement is sought within

Rule 4(h)'s 120-day period.  ***Id***.  Rule 6(b) of the Mississippi Rules of Civil Procedure states:

> **(b) Enlargement.** *When by these rules* or by notice given thereunder or by
> order of court *an act is required* or allowed to be done at or *within a specified
> time, the court for cause shown may* at any time in its discretion (1) with or
> without motion or notice *order the period enlarged if request therefore is
> made before the expiration of the period originally prescribed or as extended
> by a previous order*, or (2) upon motion made after the expiration of the
> specified period permit the act to be done where failure to act was the result
> of excusable neglect; but it may not extend the time for taking any action under
> Rules 50(b), 52(b), 59(b), 59(d), 59(e), 60(b), and 60(c) except to the extent
> and under the conditions therein stated.

M.R.C.P. 6(b) (emphasis added).

¶11.    In ***Johnson***, we again read Rule 4(h) in conjunction with Rule 6(b), restating that a

plaintiff is entitled to a first enlargement of time "for cause shown" when he or she files a

motion for enlargement of time within the 120-day time period prescribed in Rule 4(h).

*Johnson*, 982 So. 2d at 413.  However, we then stated—without citing any language from the rules in support—that "once a party has received a first extension of time under Rule 4(h) in which to serve process, a second or subsequent extension to effectuate service of process *may be granted by the trial court only upon a showing of 'good cause.'*" *Johnson*, 982 So. 2d at 413 (emphasis added). We are convinced that this statement of the law in *Johnson* was in error as it conflicts with the plain language of Rule 6(b).

¶12.    The *Johnson* Court stated:

> While we recognize that Rule 6(b)(1) provides for an enlargement of time "for cause shown," when reading the two Rules together, it is apparent that Rule 4(h) requires "good cause" after the expiration of 120 days. Because Rule 4(h) is the specific rule applicable in today's case and Rule 6(b)(1) is a general-application rule, the language in Rule 4(h) controls.

*Id*. Rule 4(h), however, is not a specific rule governing a general rule because Rule 4(h) and Rule 6(b) are in no way contradictory.  Rule 4(h) places a duty upon the trial court regarding *service after* 120 days and does not address enlargements of time.  Rule 6(b), on the other hand, addresses enlargements of time and specifically notes the rules which remain unaffected by Rule 6(b).  *See* M.R.C.P. 6(b).  Notably, Rule 4 is *not* one of those rules. Therefore, if Rule 6(b) is meant to be read in conjunction with Rule 4(h), then a trial judge has discretion to grant a second (or third, fourth, fifth, etc.) enlargement of time to serve process "for cause shown" so long as the motion is "made *before the expiration of the period . . . as extended by a previous order*." *Id*. (emphasis added).  Rule 6(b) provides that a trial judge may grant an *enlargement* of time, not establish a *separate period* of time.  Thus, Rule 4(h) actually requires a good-cause showing *after* the expiration of the 120-day period *as*

6

*enlarged* by any court order pursuant to Rule 6(b), not just after "the expiration of 120 days." *Contra Johnson*, 982 So. 2d at 413. Therefore, we overrule *Johnson v. Thomas ex rel. Polatsidis*, 982 So. 2d 405, 412 (Miss. 2008), to the extent that it requires a party to show good cause instead of " for cause shown" when a second motion for enlargement of time is filed before the expiration of the time provided under the prior enlargement. This holding is in conformity with a strict reading of the rules and their unambiguous language.

¶13.    While in *Johnson* the Court expressed concern about "successive extensions" granted upon a "showing [of] 'cause' as long as the next motion for extension is filed before the existing extension expires," the *Johnson* Court erred by construing our rules in a manner that effectively added language to Rule 6(b). *Johnson*, 982 So. 2d at 415. Though this concern is understandable, the remedy is to define "for cause shown" or "cause."

¶14.    To demonstrate "for cause shown" or "cause" to obtain an enlargement of time under Rule 6(b)(1), a party must articulate a legitimate reason, made in good faith, as to why the enlargement of time should be granted. While this may not rise to the level of Rule 4(h)'s "good cause" standard, it requires something constituting diligence or a legitimate reason excusing same. *Collins*, 184 So. 3d at 929-930 (quoting *Webster v. Webster*, 834 So. 2d 26, 28 (Miss. 2002)). This is not to say that continuous mistakes or inadvertence—while possibly made in good faith—would continue to satisfy Rule 6(b)'s "for cause shown" standard. Each case should be left to the discretion of the trial court so the judge can look to the totality of the circumstances to determine if "cause" is being shown in light of all facts and circumstances.

7

¶15.   Under this definition, we are able to issue a decision in compliance with the strict reading of Rule 6(b)(1) while, at the same time, ensuring that parties seek to perfect timely service of process.  Further, this holding will not lead to unending litigation.  Plaintiffs will be held to this "for cause shown" standard to obtain *any* enlargement of time, including the initial enlargement.  Likewise, defendants still can challenge whether "cause" was shown.  Also, a trial court's determination of cause will be reviewed under an abuse-of-discretion standard as with any other "fact-based finding."  *See* **Collins**, 184 So. 3d at 929.

¶16.   Because Jackson's second enlargement of time was sought within the time permitted by the first enlargement, only "cause" needed to be shown to obtain the enlargement of time.  Under the facts of this case, we find that Jackson articulated "cause" to obtain the second enlargement of time to serve process.  Jackson continuously sought to determine Fulgham's exact location, and she filed requests for enlargements of time within the required time periods.  Here, Fulgham was in prison, and the facts indicate that Jackson was misdirected by the prison official's statement that Fulgham would be brought back to Bolivar County.  Further, there are no allegations that Jackson's failure to serve Fulgham within the original 120-day period or the first enlargement was in bad faith.  As Jackson articulated legitimate reasons, in good faith, for the delay in service of process, cause was shown here.

**B.     The trial court's finding of "good cause" was not an abuse of discretion.**

¶17.   We do not hesitate to apply retroactively our clarification of the law to this case, as the trial court's finding of "good cause" was also not an abuse of discretion.  Because we

8

find that good cause was shown, Fulgham is not prejudiced by the fact that Jackson has to show only cause.

¶18. "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Collins*, 184 So. 3d at 929–930 (quoting *Webster v. Webster*, 834 So. 2d 26, 28 (Miss. 2002)). Even more, good cause requires a diligent effort on behalf of the plaintiff to effectuate service in a timely manner. *Id*. at 930. "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Id*. (quoting *Lindsey v. United States R.R. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). Generally, good cause exists

> when the failure is a result of the conduct of a third person; when the defendant has evaded service of process or engaged in misleading conduct; when the plaintiff has acted diligently; when there are understandable mitigating circumstances; or when the plaintiff is proceeding pro se or in forma pauperis.

*Foss*, 993 So. 2d at 379.

¶19. Here, the trial judge did not abuse his discretion by finding good cause justifying the second enlargement. Jackson timely sought enlargements of time to serve process and, as shown below, did provide the trial judge with specific details concerning her attempts to locate Fulgham. Based on the facts of this case and our deferential standard of review, we cannot conclude that the trial judge erred.

¶20. As shown in the complaint and summons, Jackson initially believed that Fulgham was housed at the Bolivar County Correctional Facility. When Jackson's counsel first called the

9

prison to inquire into Fulgham's whereabouts, a prison official told counsel that Fulgham had been moved to Rankin County for processing—a temporary status. Then, in a later conversation with the same official, counsel was advised that Fulgham had been moved to Carroll County *but* would return in the near future to Bolivar County. At this time, Jackson timely sought the first enlargement of time due to Fulgham's movement in the prison system. Counsel for Jackson then contacted the prison official again within the additional time permitted under the first enlargement and, from this conversation, learned that Fulgham's return to Bolivar County was not imminent. Thereafter, because Fulgham had not been returned to Bolivar County as the prison official previously had stated, Jackson filed for a second, shorter, period of time to serve process. Jackson then timely served Fulgham within the time permitted by the second enlargement.

¶21. As noted above, good cause can be shown "when the failure [to serve process] is a result of the conduct of a third person" and where a plaintiff is diligent in seeking to serve process. *Foss*, 993 So. 2d at 379. These facts show that Jackson diligently inquired into Fulgham's whereabouts over the course of several months. Though Jackson did learn that Fulgham would be in Carroll County for a period of time, she was not required to run out and attempt service the next day, especially given that the defendant was incarcerated (and, therefore, secure for future service) and she had been advised by proper officials that Fulgham would return to Bolivar County shortly. Indeed, Jackson sought the second enlargement only after she learned that Fulgham, in fact, would not be brought back to Bolivar County in the near future.

10

¶22. We also find that the trial judge did not err by finding that Fulgham's incarceration created a mitigating circumstance. To be clear, incarceration, in and of itself, does not constitute "good cause." In fact, we have even adopted a specific rule regarding service of process on persons in penal institutions. *See* Miss. R. Civ. P. 4(d)(3). But here, Fulgham's incarceration and movement through the prison system, coupled with the statements from the Bolivar County prison official upon which Jackson relied, misdirected Jackson's ability to serve Fulgham. Further, the trial judge was in the best position to determine the difficulty of locating Fulgham, serving him while he was in jail as well as the effects of the interactions with the Bolivar County Jail officials.

¶23. Finally, we note that Jackson sought her first enlargement of time within the 120-day time period in Rule 4(h) and sought her second motion within the extra 120 days provided by the first enlargement. *See **Montgomery***, 910 So. 2d at 547-48 ("[A] plaintiff who—prior to expiration of the service period—files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing."). Here, we find that Jackson demonstrated diligence in seeking to serve process upon Fulgham. To find otherwise would be to second-guess the learned trial judge as relates to several accepted grounds for a showing of "good cause" that support the plaintiff in this case.

¶24. Therefore, we find that good cause existed for Jackson's delay in service of process. Jackson was diligent by continuously and timely inquiring into Fulgham's whereabouts. Further, Jackson was misdirected by a third party. Jackson also filed timely motions for

enlargements of time. Given our standard of review and the totality of the circumstances, the trial court did not err in finding good cause for Jackson's second enlargement of time.

## CONCLUSION

¶25. For the reasons above, we affirm the trial judge's decision to deny the motion to dismiss. We remand this case to the trial court for further proceedings consistent with this opinion.

¶26. **AFFIRMED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**