# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00443-SCT

*PROGRESSIVE GULF INSURANCE COMPANY*

*v.*

*JASWINDER KAUR, HARVINDER SINGH,*
*KARANVEER KAMBOJ, AND GURDEV KAMBOJ*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/14/2020 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| TRIAL COURT ATTORNEYS: | PATRICK S. WOOTEN |
| | CECIL MAISON HEIDELBERG |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CECIL MAISON HEIDELBERG |
| ATTORNEY FOR APPELLEES: | PATRICK S. WOOTEN |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 08/12/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     At issue in this interlocutory appeal is whether the trial court erred by finding cause to grant a 120-day extension of time to serve process on Progressive Gulf Insurance Company. Progressive contends on appeal that difficulty locating other Defendants, the owner and driver of the vehicle, was not adequate cause. We conclude that the circuit court did not abuse its discretion in that decision. However, all parties agree that the circuit court erred by refusing to dismiss the suits of three of the Plaintiffs who failed to seek extensions

of time to serve process on Progressive before the end of the original 120-day period. We reverse and remand for the trial court to enter an order dismissing those suits.

**FACTS**

¶2. Plaintiffs, Jaswinder Kaur, Harvinder Singh, Karanveer Kamboj, and Gurdev Kamboj, were occupants of a vehicle that was involved in a collision with a vehicle operated by Mary Orebo and owned by Cassandra Mann. Plaintiffs' vehicle had uninsured-motorist coverage provided by Progressive Gulf Insurance Company. Each Plaintiff filed a separate suit against all three Defendants on the eve of the expiration of the three-year statute of limitations. The suits were filed on March 20, 2019, and motions for an extension of time to serve process were filed on July 17, 2019, in each case. The motions for an extension of time asserted that:

> It appears from the investigation so far, that the Defendants, Mary T. Orebo and Cassandra Mann, gave a false address, and that once their new address is discovered an alias summons will have to be issued. Plaintiff is actively seeking the true address of the Defendants, Mary T. Orebo and Cassandra Mann.

¶3. The orders granting the motions were entered July 29, 2019, August 8, 2019 (in two cases), and August 12, 2019, in the case of Plaintiff Gurdev Kamboj. Progressive was served in all four cases on December 9, 2019.

¶4. Progressive filed four separate motions to dismiss. The motions as to three of the Plaintiffs, Kaur, Singh, and Karanveer Kamboj, contended that the complaints should have been dismissed under Mississippi Rule of Civil Procedure 4(h) because those three Plaintiffs had served process outside the 120-day extensions and could not show "good cause" for their

2

failures to serve Progressive on time. The motion to dismiss the complaint of Gurdev Kamboj, who did serve process within 120 days of the entry of the extension order in his case, contended that Gurdev Kamboj did not establish "cause" for the 120-day extension of time. The circuit court consolidated the suits and denied all four motions to dismiss with a single order.

¶5. On appeal, Progressive identifies two issues: whether the trial court erroneously denied Progressive's three unopposed motions to dismiss the complaints of Jaswinder Kaur, Harvinder Singh, and Karanveer Kamboj, and whether the trial court erred by finding cause to enlarge the time for Plaintiff Gurdev Kamboj to serve process on Progressive.

## STANDARD OF REVIEW

¶6. Appellate review of a trial court's decision to grant or deny a motion to dismiss is de novo. **Johnson v. Rao**, 952 So. 2d 151, 154 (Miss. 2007). But "the trial court . . . determines issues of fact regarding service of process, and we apply an abuse-of-discretion standard to the trial court's findings of fact." **Nelson v. Baptist Mem'l Hosp.-N. Miss., Inc.**, 70 So. 3d 190, 195 (Miss. 2011).

## DISCUSSION

### 1. Motions to Dismiss the Complaints of Jaswinder Kaur, Harvinder Singh, and Karanveer Kamboj

¶7. Progressive points out that three Plaintiffs, Jaswinder Kaur, Harvinder Singh, and Karanveer Kamboj, did not serve it with process within 120 days after the circuit court's

order granting them 120-day extensions.[1]  No further extension of time was requested.  None

of these three Plaintiffs responded to Progressive's motions to dismiss.  The trial court denied

all four motions to dismiss with one order that did not distinguish between the cases.

¶8.     Mississippi Rule of Civil Procedure 4(h) provides:

> **Summons: Time Limit for Service.** If a service of the summons and
> complaint is not made upon a defendant within 120 days after the filing of the
> complaint and the party on whose behalf such service was required cannot
> show good cause why such service was not made within that period, the action
> shall be dismissed as to that defendant without prejudice upon the court's own
> initiative with notice to such party or upon motion.

"Mississippi Rule of Civil Procedure 4(h) mandates that a complaint be dismissed if service

of process is not effected within 120 days of the filing of the complaint and good cause

cannot be shown for failure to do so."  *Smith v. Church Mut. Ins. Co.*, 254 So. 3d 57, 63

(Miss. 2018) (quoting *Webster v. Webster*, 834 So. 2d 26, 27 (Miss. 2002)).

¶9.     These three Plaintiffs concede in their brief on appeal that, "after multiple counts, by

multiple counters," Progressive is correct that the trial court erred by not dismissing their

complaints.  We cannot disagree, and we reverse the decision of the trial court and remand

the cases for the trial court to enter an order dismissing these suits against Progressive.

### 2.     Cause Shown for Enlargement of Time by Gurdev Kamboj

---

[1] The fourth Plaintiff, Gurdev Kamboj, did serve Progressive on time because the
circuit court entered his order later than the orders granting 120-day extensions to the other
Plaintiffs.

4

¶10. The remaining Plaintiff, Gurdev Kamboj, did serve his complaint within the 120-day extension ordered in his case. Here, Progressive contends that the trial court erred by granting that 120-day extension because Kamboj did not establish cause as required by Mississippi Rule of Civil Procedure 6(b).

¶11. Our rules of civil procedure distinguish between enlargements of time requested prior to and after the expiration of time for service of process. A request for an extension of time before the expiration of the time permitted is governed by Rule 6(b) and may be made "for cause shown." *See Cross Creek Prods. v. Scafidi*, 911 So. 2d 958, 960 (Miss. 2005). Rule 6(b) "requires something constituting diligence or a legitimate reason excusing same[,]" but a party need only "articulate a legitimate reason, made in good faith, as to why the enlargement of time should be granted." *Fulgham v. Jackson*, 234 So. 3d 279, 284 (Miss. 2017) (citing *Collins v. Westbrook*, 184 So. 3d 922, 929-30 (Miss. 2016)).

¶12. "[A]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." *Scafidi*, 911 So. 2d at 960 (alteration in original) (internal quotation marks omitted) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2002)). It has been observed that "[t]he court's power to extend time under Rule 6(b) will be employed to achieve 'the just, speedy, and inexpensive determination of every action' as required by Rule 1." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed.) (footnote omitted) (construing parallel federal rule, but Rule 1 of the Mississippi Rules of Civil

Procedure makes the same admonition), Westlaw (database updated Apr. 2021). "Each case should be left to the discretion of the trial court so the judge can look to the totality of the circumstances to determine if 'cause' is being shown in light of all facts and circumstances." *Fulgham*, 234 So. 3d at 284.

¶13. On the other hand, after the expiration of the time to serve process, Rule 4(h) requires "good cause." *Id.* at 283. Good cause is a higher standard; "a plaintiff attempting to establish 'good cause' must show 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186 (Miss. 2002) (quoting *Watters v. Stripling*, 675 So. 2d 1242, 1243 (Miss. 1996)).

¶14. Gurdev Kamboj's motion for time sought to establish "cause" with the assertion that he could not locate the tortfeasor Defendants, Orebo and Mann, at the address they had given after the accident at issue. He does not contend he could meet the higher standard of good cause.

¶15. Progressive points out that, while Gurdev Kamboj's motion sought an extension of time to serve Progressive, it failed to explicitly state his reason for not serving Progressive during the initial 120-day period. But "[e]ach case should be left to the discretion of the trial court so the judge can look to the totality of the circumstances to determine if 'cause' is being shown in light of all facts and circumstances." *Fulgham*, 234 So. 3d at 284. The trial judge was permitted to make the natural, logical inference that Gurdev Kamboj did not serve his

uninsured-motorist carrier, because, as he said in his motion, he was still trying to locate the other driver, whose insurance status would determine whether to proceed against Progressive. Gurdev Kamboj's motion thus provided both a showing of diligence (attempting to locate the tortfeasor Defendants) and a reason for not serving Progressive.

¶16. Progressive also contends Gurdev Kamboj's motion was insufficient because difficulty in locating Orebo or Mann would not have precluded his serving process on Progressive. But neither the Rules of Civil Procedure nor our precedent requires a showing of frustration or impossibility of service. Rule 6(b) just requires that "cause" be shown, not "good cause" or even "excusable neglect." Whether the cause shown by Gurdev Kamboj was sufficient to entitle him to an extension of time is a question that was entrusted to the sound discretion of the trial judge to be considered in light of all the facts and circumstances. *Fulgham*, 234 So. 3d at 284. There has been no suggestion of bad faith or prejudice, so the motion should have been granted presumptively. *Scafidi*, 911 So. 2d at 960.

¶17. Under these circumstances we cannot find the trial court to have abused its discretion by granting the extension of time. We affirm the trial court's refusal to dismiss Gurdev Kamboj's complaint.

¶18. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**KITCHENS AND KING, P.JJ., MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. GRIFFIS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J., AND COLEMAN, J.**

7

**GRIFFIS, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶19.   Mississippi law is clear and well-settled.  "To demonstrate 'for cause shown' or 'cause' to obtain an enlargement of time under [Mississippi] Rule [of Civil Procedure] 6(b)(l), *a party **must articulate a legitimate reason***, made in good faith, *as to why the enlargement of time should be granted*."  ***Fulgham v. Jackson***, 234 So. 3d 279, 284 (Miss. 2017) (emphasis added).

¶20.   Gurdev Kamboj's motion did not "articulate a legitimate reason . . . why the enlargement of time should be granted" as to Progressive.  ***Id.***  It stated:

> It appears from the investigation so far, that the Defendants, Mary T. Orebo and Cassandra Mann, gave a false address, and that once their new address is discovered an alias summons will have to be issued.  Plaintiff is actively seeking the true address of the Defendants, Mary T. Orebo and Cassandra Mann.

¶21.   Gurdev Kamboj's motion identified a legitimate reason for an extension as to Orebo and Mann.  But there was no mention of Progressive.[2]  Any difficulty locating Orebo or Mann did not preclude or have any effect on timely service on Progressive.

¶22.   The majority reasons that "[t]he trial judge was permitted to make the *natural, logical inference* that Gurdev Kamboj did not serve his uninsured-motorist carrier, because, as he said in his motion, he was still trying to locate the other driver, whose insurance status would

---

[2]  Progressive was Gurdev Kamboj's insurance carrier.  The complaint identified Progressive's registered agent for service of process as CT Corporation System.  Service upon Progressive was easy, simple, and routine. Gurdev Kamboj's counsel knew where to find and serve Progressive.

8

determine whether to proceed against Progressive." Maj. Op. ¶ 15 (emphasis added). This conclusion is simply not supported by the record.

¶23.    First, as stated above, this reasoning was not included in Gurdev Kamboj's motion. So it was not made to the trial court. If it was not made to the trial court, there is no basis to conclude that the trial court made this "natural, logical inference." Maj. Op. ¶ 15. This reason was first articulated to this Court on appeal. The rule is clear: a party must "articulate a legitimate reason . . . why the enlargement of time should be granted." *Fulgham*, 234 So. 3d at 284.

¶24.    Second, Progressive filed a motion to dismiss on this issue. Progressive argued, as it does here, that Gurdev Kamboj articulated no legitimate reason for an enlargement of time. Gurdev Kamboj filed a response. Gurdev Kamboj was silent as to his legitimate reason. Gurdev Kamboj could have articulated the reasoning as the majority finds he did, but he did not. In fact, his silence in the motion for enlargement of time and in his response to the motion to dismiss indicates that he concedes that there was no cause for an enlargement of the 120-day time period to serve Progressive.

¶25.    Third, I do not understand the majority's logic. When we consider the timeliness of service of a defendant, why does it even matter whether Gurdev Kamboj's attorney was "trying to locate the other driver"? Maj. Op. ¶ 15. Gurdev Kamboj sued Progressive.[3]

_____

[3] Gurdev Kamboj sued Progressive for uninsured-/underinsured-motorist coverage. The majority's rationale seems to indicate that Gurdev Kamboj's attorney filed the complaint without an investigation or reasonable knowledge about whether the actual tortfeasor had

9

Under Mississippi Rule of Civil Procedure 4(h), a defendant is entitled to timely service of process. There is no rule or law that allows the plaintiff to wait to serve a defendant because the plaintiff may find another defendant or another claim or because what the plaintiff finds later may defeat the claim he or she has already made. There is simply no legal basis for the majority's "natural, logical inference" rationale. Maj. Op. ¶ 15.

¶26. Rule 6(b)(1) requires a party to "articulate a legitimate reason, made in good faith, as to why the enlargement of time should be granted." *Fulgham*, 234 So. 3d at 284. No "natural, logical inference" is supported by the facts of this case. Maj. Op. ¶ 15. Instead, Mississippi law requires that a party "***must articulate*** a legitimate reason . . . as to why the enlargement of time should be granted."[4] *Fulgham*, 234 So. 3d at 284 (emphasis added). Gurdev Kamboj did not, and his claim against Progressive should be dismissed.

---

(sufficient) insurance coverage. Gurdev Kamboj's claim for uninsured-/underinsured-motorist coverage can only be filed based on reasonable knowledge about the actual tortfeasor's insurance coverage. Without such information, Gurdev Kamboj's complaint would be improper. Gurdev Kamboj may not simply sue Progressive just in case. *See* M.R.C.P. 11(a). Certainly, there is no rule or law that would allow a delay in service for such reasons.

[4] As an aside, at least one of my colleagues in the majority believes that my result is unfair and that Gurdev Kamboj's attorney should not be punished for relying on the judge's finding to grant an extension. Since the defendant has not been served, a motion for extension of time to serve the defendant is always uncontested and ex parte. In *Fulgham*, an opinion the Justice joined, the Court ruled that "defendants still can challenge whether 'cause' was shown. Also, a trial court's determination of cause will be reviewed under an abuse-of-discretion standard as with any other 'fact-based finding.'" *Fulgham*, 234 So. 3d at 284. The question is whether there is substantial evidence to support the trial court's finding.

¶27. The majority also discusses that "[t]here has been no suggestion of bad faith or prejudice, and so the motion should presumptively have been granted." Maj. Op. ¶ 16 (citing *Cross Creek Prods. v. Scafidi*, 911 So. 2d 958, 960 (Miss. 2005). In *Scafidi*, this Court noted that "[a]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." *Scafidi*, 911 So. 2d at 960 (internal quotation marks omitted) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2002)). But the plaintiff in *Scafidi* provided an "excuse" for her failure to issue and timely serve the summons. Indeed, Scafidi "was proceeding pro se." *Id.* Here, unlike Scafidi, Gurdev Kamboj is represented by counsel and has given no legitimate reason for his failure to timely serve Progressive within the initial 120-day period.

¶28. For these reasons, I respectfully dissent. I would reverse and render judgment in favor of Progressive.

¶29. I concur with the majority that "the trial court erred by not dismissing [Jaswinder Kaur's, Harvinder Singh's, and Karanveer Kamboj's] complaints." Maj. Op. ¶ 9.

**RANDOLPH, C.J., AND COLEMAN, J., JOIN THIS OPINION.**