# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00493-COA

EPIC MEDICAL LLC                                          APPELLANT

v.

ADVANCED RESPIRATORY SOLUTIONS INC.,                     APPELLEES
DONALD O. KING III, AND DUSTY D. KYLE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/08/2020 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HITENKUMAR HASMUKHLAL PATEL |
| ATTORNEYS FOR APPELLEES: | MARK NOLAN HALBERT |
| | BRANDI ELIZABETH SOPER |
| | CYNTHIA TRANELL LEE |
| | DUSTY D. KYLE (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 08/17/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Epic Medical LLC appeals from the Alcorn County Circuit Court's order denying Epic Medical's motion for an extension of time to serve process. Finding no abuse of discretion, we affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2013, Epic Medical and Advanced Respiratory Solutions Inc. (Advanced Respiratory) entered into a contract for medical supplies. Specifically, Epic Medical agreed to lease Advanced Respiratory ventilators in exchange for monthly payments. Following the

execution of the agreement, Donald King and Dusty Kyle each signed a personal guaranty on behalf of Advanced Respiratory.

¶3. On March 28, 2017, Epic Medical filed a complaint against Advanced Respiratory, King, and Kyle, alleging that Advanced Respiratory failed to pay Epic Medical $2,494,681 over the course of its monthly payments. On June 26, 2017, Epic Medical filed affidavits as proof of service of process on King and Kyle, stating that each was served on June 5, 2017, at their respective addresses in Corinth, Mississippi.[1] On July 18, 2017, the circuit court clerk entered an entry of default against King. On September 26, 2017, King filed a motion to set aside the clerk's entry of default and for leave to file a responsive pleading. In his motion to set aside the entry of default, King stated that it was his intention to appear and defend the lawsuit. King also attached an affidavit stating that he was never served with process and had not resided at the address identified in the proof-of-service affidavit since October 2014. King further stated that the only knowledge he had of the lawsuit was through a recent call with the registered agent for Advanced Respiratory. Finally, King stated that he had a "strong, colorable defense[] to liability . . . [and that] the service of the summons and complaint upon co-defendant Dusty Kyle [was] likewise suspect as the process server indicated that the person served was a man, when Dusty Kyle is a woman."

¶4. On or about August 4, 2017, Epic Medical submitted a proposed order to the circuit court titled "Judgment by Default," which assessed a total of $2,494,995.75 (plus post-judgment interest set at eight percent) to be paid by the defendants. The circuit judge signed

---

[1] A third affidavit was filed showing proof of service of process on Advanced Respiratory's agent on June 9, 2017.

the order the same day, and the order was filed on October 4, 2017. On October 5, 2017, the circuit judge signed an order setting aside the clerk's entry of default as to King's motion.

¶5. On October 17, 2017, King filed a motion to set aside the judgment by default pursuant to Mississippi Rule of Civil Procedure 60(b)(1). King maintained that he was never served with process. King also claimed that neither he nor his attorney were aware of Epic Medical's proposed order submitted to the court on or about August 4, 2017. On November 18, 2017, the circuit judge signed an order striking the enrolled judgment as to King.

¶6. On June 8, 2018, Kyle likewise filed a motion to set aside the default judgment. Kyle stated that she was never personally served with process and that process was not served upon any family member above the age of sixteen. Additionally, Kyle claimed that she did not receive a copy of the summons and complaint. On July 20, 2018, Epic Medical filed its response to Kyle's motion and claimed that Kyle's argument was merely based on a "self-serving" statement, which was not sufficient to overcome the presumption that she was in fact served. On July 30, 2018, Epic Medical filed a nearly identical response to King's Rule 60(b)(1) motion to set aside the judgment.

¶7. On September 5, 2018, following a hearing, the circuit court entered an order setting aside the judgment and striking the enrolled judgment as to Kyle. Specifically, the court found that Kyle was not served in accordance with Mississippi Rule of Civil Procedure 4. The court further ordered that the issue of whether the action against Kyle should be dismissed was held in abeyance, pending a determination of whether additional time for service of process was available.

¶8. On February 19, 2019, the circuit judge signed an agreed order setting aside the judgment by default as to King. The agreed order stated that the parties reached an agreement in part based on the fact that "King had never been served" with process as required by Rule 4. The court further ordered that the issue of whether the action against King should be dismissed was held in abeyance, pending a determination of whether additional time for service of process was available.

¶9. On March 7, 2019, almost two years after filing its complaint, Epic Medical filed a motion for extension of time for service of process for both King and Kyle. Epic Medical claimed that it should be allowed to serve both King and Kyle outside of the 120-day requirement in Rule 4 because it had been diligent and had shown good cause. Further, Epic Medical claimed it "was even under the impression that Defendants were properly served until [the court] set aside the judgments." On April 8, 2020, the circuit court entered an order denying Epic Medical's motion for an extension of time for service of process, finding that it had failed to show good cause for not serving King and Kyle within the required 120-day time frame and noting Rule 4(h)'s requirement that "the action shall be dismissed." Epic Medical appeals.

## STANDARD OF REVIEW

¶10. "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed 'a discretionary ruling and entitled to deferential review.'" *Fulgham v. Jackson*, 234 So. 3d 279, 282 (¶9) (Miss. 2017) (quoting *Collins v. Westbrook*, 184 So. 3d 922, 929 (¶16) (Miss. 2016)). In those instances, "[appellate] review is limited

4

to determining only whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." *Id*. (internal quotation marks omitted).

## ANALYSIS

¶11.    Mississippi Rule of Civil Procedure 4(h) provides the time limit for service of process as well as the exception to that time limit:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

¶12.    "As noted in Rule 4(h), the court shall not dismiss a matter if the plaintiff can establish 'good cause' for failing to serve process on a defendant within 120 days of filing her complaint." *Priede v. Jones*, 282 So. 3d 1266, 1271-72 (¶15) (Miss. Ct. App. 2019) (citing *Collins*, 184 So. 3d at 929 (¶19)).  "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id*. at 1272 (¶15) (quoting *Collins*, 184 So. 3d at 929-30 (¶20)).

¶13.    In Epic Medical's motion for extension of time for service of process, Epic Medical alleged that it "has been diligent and was even under the impression that [the] Defendants were properly served until this Honorable Court set aside the judgments." On March 4, 2019, the parties signed an agreed order setting aside the judgment of default as to King.  The agreed order stated that "[King] was not served with process herein required by Rule 4 of the Mississippi Rules of Civil Procedure."  That agreed order was signed by Epic Medical's

attorney. The affidavit attached by King in his motion to set aside the clerk's entry of default, filed on September 26, 2017, clearly stated that he was "never served with process." Epic Medical's attorney knew of that sworn affidavit since September 26, 2017, but alleged in his motion for extension of time for service of process that he did not.

¶14. Ultimately, the circuit court found that Epic Medical failed to show good cause in its delay of service of process. The court also found that Epic Medical was made aware of its defective service of process when King filed his motion to set aside the clerk's entry of default on September 26, 2017—nearly a year and a half before Epic Medical filed its motion for an extension of time to serve process on March 4, 2019. *See, e.g.*, *Bacou-Dalloz Inc. v. Hall*, 938 So. 2d 820, 822-23 (¶9) (Miss. 2006) (finding that the plaintiffs failed to timely serve the defendant when they waited one year and five months after learning process was served on the wrong agent). The court further noted that Epic Medical made no effort to effect service on either King or Kyle between September 26, 2017, and March 4, 2019.[2]

¶15. Additionally, the circuit court addressed Kyle's argument that even if Epic Medical were allowed to rely on the inaccurate return of process, the remainder of the 120-day period began to run when the court set aside the judgment on September 5, 2018, and expired on October 26, 2018. The court reiterated that the instant motion for additional time was not filed until March 7, 2019, well outside the 120-day period. Further, the circuit court found Epic Medical had not shown any good cause for the delay when considering they knew from King's sworn affidavit in September 2017 that he declared neither he nor Kyle had been

---

[2] The attorney signed the motion on March 4, 2019, but it was not filed until March 7, 2019.

6

served. Under the facts of this case, we cannot say the court abused its discretion in denying Epic Medical's motion for an extension of time to serve process. Accordingly, we affirm the circuit court's order.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**