# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00872-SCT

*UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER*

*v.*

*GENEVIEVE JENSEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/2020 |
| TRIAL JUDGE: | HON. LARITA M. COOPER-STOKES |
| TRIAL COURT ATTORNEYS: | YANCY B. BURNS |
| | ROBERT V. GREENLEE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY COUNTY COURT |
| ATTORNEY FOR APPELLANT: | ROBERT V. GREENLEE |
| ATTORNEY FOR APPELLEE: | YANCY B. BURNS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 02/24/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     The University of Mississippi Medical Center (UMMC) appeals the decision of the

County Court of Hinds County granting Genevieve Jensen's motion for extension of time to

serve process on the attorney general and its decision denying UMMC's motion for summary

judgment based on a statute of limitations defense.  Since Jensen failed to articulate good

cause for an extension of time to serve process, we hold that the county court abused its

discretion by granting her motion for extension, we reverse and render the county court's

decision and we dismiss Jensen's case with prejudice.  Further, since we conclude that the

first issue is dispositive, we do not address whether the county court erred by denying

UMMC's summary judgment motion.

## FACTS AND PROCEDURAL HISTORY

¶2. On March 15, 2018, Jensen tripped and fell on property maintained and controlled by UMMC. Jensen delivered to UMMC a notice of her claim on August 10, 2018. UMMC then delivered a written denial of Jensen's claim on October 24, 2018. Jensen filed her complaint against UMMC on March 4, 2019. The same day, Jensen issued a summons to UMMC and Dr. Louann Woodward, UMMC's chief executive officer. On April 10, 2019, Jensen served her summons and complaint on Tawni Basden, an employee of UMMC, who accepted service of process on behalf of Dr. Woodward.

¶3. On May 14, 2019, Jensen initiated default proceedings and later obtained a default judgment of $27,000 on October 7, 2019. On February 4, 2020, Jensen executed a writ of garnishment on Regions Bank. UMMC's general counsel discussed the matter with Jensen's counsel on February 10, 2020, advising Jensen's attorney that Jensen had not served UMMC pursuant to Mississippi Rule of Civil Procedure 4(d)(5), which required service upon the attorney general. That same day, Jensen filed a motion to extend time for service of process. After acknowledging in her motion that she did not serve the attorney general, Jensen provided that

> Plaintiff reasonably believed that service of process was effective with respect to the defendant upon receipt of proof of service and relied thereon by pursuing default and garnishment proceedings. Plaintiff has diligently prosecuted this action and has not been dilatory in any manner. For these reasons, good cause exists for an extension of time [to] serve process and Plaintiff requests additional time to serve process upon the Defendant.

2

The county court then entered an agreed order on February 13, 2020, setting aside the clerk's entry of default, default judgment and writ of garnishment. The court stated that it was without jurisdiction over UMMC due to lack of service of process on the attorney general "and in accordance with the proscription against defaults set forth in Miss. Code Ann. Section 11-45-3 (1972, as amended)."

¶4. On February 19, 2020, UMMC contested jurisdiction, opposed Jensen's motion for additional time to serve process and sought dismissal with prejudice based on a statute of limitations defense. UMMC also filed a separate motion for summary judgment based on its statute of limitations defense on February 20, 2020. After a hearing on July 16, 2020, the county court granted Jensen's motion to extend time for service of process for good cause shown and granted Jensen until August 16, 2020 to serve the attorney general. The county court denied UMMC's motion for summary judgment on July 20, 2020.

¶5. On January 7, 2021, this Court entered an en banc order granting UMMC's Combined Petition and Brief for Interlocutory Appeal by Permission and for a Stay of Proceedings Pending Appeal.

## ISSUES PRESENTED

¶6. UMMC raises two issues on appeal: (1) whether the county court abused its discretion by granting Jensen's motion to extend time for service of process "for good cause shown" and (2) whether the county court erred by denying UMMC's motion for summary judgment after Jensen failed to serve the attorney general prior to the expiration of the statute of

limitations.[1]

## STANDARD OF REVIEW

¶7. "Appellate review of a trial court's decision to grant or deny a motion to dismiss is de novo." ***Progressive Gulf Ins. Co. v. Kaur***, 323 So. 3d 1087, 1089 (Miss. 2021) (citing ***Johnson v. Rao***, 952 So. 2d 151, 154 (Miss. 2007)). When this Court reviews a grant or a denial of a motion to dismiss, it "take[s] the allegations of the complaint as true, and [it] affirm[s] only when it 'appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.'" ***Great Am. E & S Ins. Co. v. Quintairos, Prieto, Wood & Boyer, P.A.***, 100 So. 3d 420, 422 (Miss. 2012) (quoting ***Meadows v. Blake***, 36 So. 3d 1225, 1229 (Miss. 2010)). "A trial court's finding of fact on the existence of good cause for the delay in service of process has been deemed 'a discretionary ruling . . . and entitled to deferential review.'" ***Fulgham v. Jackson***, 234 So. 3d 279, 282 (Miss. 2017) (alteration in original) (internal quotation marks omitted) (quoting ***Collins v. Westbrook***, 184 So. 3d 922, 929 (Miss. 2016)). The Court's review with regard to the trial court's findings of fact "is limited to determining only 'whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.'" ***Id.*** (quoting ***Collins***,

---

[1] In her brief, "Jensen concedes that if the lower court's finding of good cause is an abuse of discretion, the lower court's denial of UMMC's motion for summary judgment is improper as the statute of limitations would have expired on December 22, 2019, absent the lower court's grant of an extension of time to effect service of process." Since we conclude that the first issue is dispositive, we decline to further address whether the county court erred by denying UMMC's motion for summary judgment.

4

184 So. 3d at 929).  However, "a decision to grant or deny an extension based upon a question of law will be reviewed de novo."  *Id.* (internal quotation marks omitted) (quoting *Foss v. Williams*, 993 So. 2d 378, 380 (Miss. 2008)).

## DISCUSSION

¶8.    We consider whether the county court abused its discretion by granting Jensen's motion to extend time for service of process.  Since we conclude that the county court abused its discretion by granting Jensen's motion to extend time for service of process, we reverse and render the judgment of the county court and dismiss Jensen's case against UMMC with prejudice.  Rule 4(d)(5) of the Mississippi Rules of Civil Procedure provides that

> **(d) Summons and Complaint: Person to Be Served.**  The summons and complaint shall be served together.  Service by sheriff or process server shall be made as follows:
>
> . . . .
>
> (5) Upon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.

Miss. R. Civ. P. 4(d)(5).  Moreover, Rule 4(h) of the Mississippi Rules of Civil Procedure provides that

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Miss. R. Civ. P. 4(h).

5

¶9. In order "[t]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Fulgham*, 234 So. 3d at 284 (internal quotation marks omitted) (quoting *Collins*, 184 So. 3d at 929-30). Further, "good cause requires a diligent effort on behalf of the plaintiff to effectuate service in a timely manner." *Id.* (citing *Collins*, 184 So. 3d at 930). And "[w]hat amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Id.* (internal quotation marks omitted) (quoting *Collins*, 184 So. 3d at 930). And this Court will generally find good cause to exist

> when the failure is a result of the conduct of a third person; when the defendant has evaded service of process or engaged in misleading conduct; when the plaintiff has acted diligently; when there are understandable mitigating circumstances; or when the plaintiff is proceeding pro se or in forma pauperis.

*Id.* at 284-84 (quoting *Foss*, 993 So. 2d at 379).

¶10. Here, Jensen admits that service was not valid as a matter of law from the outset. Further, Jensen's counsel admits that the improper service was an inadvertent failure on her part, a lack of knowledge of the rules, but insists that "the court's validation of that service and the proceedings that followed were also instrumental in fostering a false belief and finding of proper service." Further, Jensen argues that UMMC's acceptance of improper service through its administrative employee compounded the confusion in the case. Jensen also argues that UMMC's acceptance of service through its employee on behalf of its CEO

means that UMMC knew or should have known that the complaint and summons were improperly served. Finally, Jensen argues that "[c]onsequently, an honest mistake of counsel, aided by inaction from UMMC and the lower court's original finding that service of process was valid, created a unique situation that the lower court defined as good cause."

¶11. Though the record does not indicate the specific findings of fact supporting the county court's order granting Jensen's motion to extend time for service of process and there is no transcript of the hearing on the motion, Jensen does argue in her response to UMMC's motion for summary judgment that she "reasonably believed that service of process was effective with respect to the Defendant upon receipt of proof of service and relied thereon by pursuing default and garnishment proceedings." Further, Jensen argued that "the Court found that service of process was properly served at the time default judgment was entered" and "[f]or this reason, good cause exists for an extension of time to serve process." Moreover, Jensen noted that she "was not aware of any defect in service of process until February 9, 2020, after a conversation with Mark Ray, Esq., counsel for Defendant. After becoming aware of the alleged defect in service of process, Plaintiff immediately requested leave of court for an extension of time to effect service of process in accordance with M.R.C.P. 4(d)(5)."

¶12. Given that Jensen argued before the county court, at least in her motion for extension of time to serve process and in her response to UMMC's motion for summary judgment, that the reason for her failure to timely serve UMMC was the result of inadvertence and lack of

knowledge of the requirements of Rule 4(d)(5), this Court holds that the county court abused its discretion. It is also telling that Jensen offers no other facts or argument on appeal that show good cause for an extension of time to serve the attorney general, and she even admits on appeal that her failure to serve the attorney general was "an honest mistake of counsel." As neither inadvertence, mistake of counsel, or ignorance of the rules suffice to establish good cause, the county court lacked substantial evidence to support its finding that Jensen had shown good cause for an extension of time to serve process under Rule 4(h). *Fulgham*, 234 So. 3d at 284 (quoting *Collins*, 184 So. 3d at 929-30).

¶13. Further, while Jensen pointed to the acceptance of service by an administrative assistant on behalf of UMMC's CEO, coupled with UMMC's failure to inform Jensen that service was improper and her receipt of proof of service, she failed to allege that her failure to serve the attorney general was the result of a third person, that UMMC evaded service or engaged in misleading conduct, that Jensen acted diligently in effecting proper service, that there were understandable mitigating circumstances or that Jensen was acting without counsel. *Id.* at 284-85 (quoting *Foss*, 993 So. 2d at 379). On the contrary, she alleges that UMMC did nothing other than receive the papers. Therefore, since Jensen failed to show good cause for an extension of time to serve the attorney general, we reverse and render the county court's order granting Jensen's motion for an extension of time to serve process.

¶14. As noted previously, after Jensen filed her motion to extend time for service of process, UMMC sought dismissal, alleging that the statute of limitations had expired. Since

8

we find that Jensen showed no good cause for an extension of time to serve process, and since Jensen failed to properly serve process within the applicable 120 day period, *see* Miss. R. Civ. P. 4(h), we conclude that UMMC was entitled to a dismissal with prejudice. *See, e.g.*, ***Triple C Transport, Inc. v. Dickens***, 870 So. 2d 1195, 1202 (Miss. 2004) (dismissing a complaint with prejudice because the statute of limitations had run). *See generally* ***Heslep v. Univ. of Miss. Med. Ctr.***, No. 3:19-CV-321-DPJ-FKB, 2020 WL 1683353, at \*1 (S.D. Miss. Jan. 3, 2020) (holding that when plaintiff failed to serve the attorney general under Mississippi Rule of Civil Procedure 4(d)(5) within the statute of limitations, the complaint should be dismissed with prejudice). This Court has recognized that "UMMC is an instrument of the State of Mississippi and is subject to the requirements of the Mississippi Tort Claims Act ('MCTA')." ***Univ. of Miss. Med. Ctr. v. McGee***, 999 So. 2d 837, 839-40 (Miss. 2008) (citing ***Davis v. Hoss***, 869 So. 2d 397, 401 (Miss. 2004)). Under Mississippi Code Section 11-46-11(3),

> (a) All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

> (b) No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.

(c) All notices of denial of claim shall be served by governmental entities upon claimants by certified mail, return receipt requested, only.

(d)(i) To determine the running of limitations periods under this chapter, service of any notice of claim or notice of denial of claim is effective upon delivery by the methods statutorily designated in this chapter.

(ii) The limitations period provided in this section controls and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations that would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11(3) (Rev. 2019).

¶15.    Jensen alleged that she sustained her injury on March 15, 2018.  Therefore, the statute of limitations began running on her claim on March 15, 2018.  Miss. Code Ann. § 11-46-11(3)(a) (Rev. 2019).   UMMC received Jensen's notice of claim on August 14, 2018, with such receipt tolling the statute of limitations for ninety-five days or until Jensen received a notice of denial of claim from UMMC.  Miss. Code Ann. § 11-46-11(3)(b) (Rev. 2019).  On August 14, 2018, 213 days remained on the statute of limitations.  Jensen's counsel received UMMC's notice of denial of claim on October 24, 2018, which ended the tolling triggered by UMMC's receipt of Jensen's notice of claim and added ninety days to the 213 days that remained on the statute of limitations on August 14, 2018, leaving Jensen 303 days to file suit.  Miss. Code Ann. § 11-46-11(3)(b) (Rev. 2019).

¶16.    On March 4, 2019, Jensen filed her complaint with 172 days remaining on the statute of limitations, which tolled the statute of limitations for 120 days.  *Fulgham*, 234 So. 3d at

282; Miss. R. Civ. P. 4(h). Thus, Jensen had 120 days under Rule 4(h) to serve the attorney general under Rule 4(d)(5) and failure to do so would cause the statute of limitations to run once again. Jensen failed to properly serve UMMC by serving process on the attorney general and, therefore, on July 2, 2019, 120 days after she filed suit on March 4, 2019, the statute of limitations once again began to run, leaving 172 days remaining for Jensen to file suit. As a result, giving credit to all tolling periods, the statute of limitations for Jensen's claim against UMMC under Mississippi Code Section 11-46-11(3) expired on December 22, 2019—long before Jensen served the attorney general on July 31, 2020. Mississippi Code Section 11-46-11(3)(b) provides that "failure to file within the time allowed is an absolute bar to any further proceedings under this chapter." Miss. Code Ann. § 11-46-11(3)(b) (Rev. 2019). Because the statute of limitations expired before Jensen effected service of process on UMMC and the attorney general, we, in addition to reversing and rendering the county court's order granting Jensen's motion for extension of time to serve process, dismiss Jensen's action with prejudice.

### CONCLUSION

¶17. Because the county court abused its discretion by granting Jensen's motion for extension of time to serve process, we reverse the judgment of the county court and render judgment in favor of UMMC. Jensen's complaint is dismissed with prejudice.

¶18. **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**

11